GREENBERG TRAURIG, LLP
GREGORY F. HURLEY (SBN 126791)
STACEY L. HERTER (SBN 185366)
650 Town Center Drive, Suite 1700
Costa Mesa, CA 92626
Telephone: (714) 708-6500
Facsimile: (714) 708-6501
Email: herters@gtlaw.com

Attorneys for Defendant
CHIPOTLE MEXICAN GRILL, INC.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | CASE NO.: 3:05-CV-01660-J-WMC<br>Assign: to Hon. Judge Napoleon A. Jones, Jr.<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHIPOTLE'S MOTION TO DISMISS CASE NO. 05 CV 01660-J-WMC FOR VIOLATION OF COURT RULES AND COURT ORDERS, OR IN THE ALTERNATIVE TO CONSOLIDATE WITH CASE NO. 06 CV 2671 PENDING IN THIS COURT**<br><br>[FRCP 16(f) & LOCAL CIVIL RULE 41.1] |
| MAURIZIO ANTONINETTI, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>Defendant. | RELATED TO:<br>CASE NO.: 06 CV-2671-LAB (POR)<br>- CLASS ACTION<br>Assign: to Hon. Judge Larry Alan Burns<br><br><br>Date:    February 12, 2007<br>Time:   10:30 a.m.<br>Dept:    Courtroom 12, 2nd Floor |

# MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION & PROCEDURAL HISTORY

Plaintiff Maurizio Antoninetti's ("Plaintiff") filing of two identical actions against Defendant Chipotle Mexican Grill, Inc. ("Chipotle") in this court before two different judges is improper and violates FRCP 16 and Local Rule 41.1. Plaintiff is either seeking to avoid the case management orders set by Judge Jones in the first-filed case or Plaintiff is "judge shopping." Plaintiff's first-filed action is duplicative of the broader and all-encompassing putative class action and Plaintiff's attempts to double-dip into judicial resources and circumvent prior court orders by initiating a new case is improper.

For the reasons discussed below, Plaintiff's first-filed action should be dismissed without prejudice and Plaintiff's putative class action should be allowed to proceed anew.

### A. Plaintiff Has Filed Identical Actions Before Two Different Judges In This Court

On August 22, 2005, Plaintiff filed an individual lawsuit against Chipotle, which is currently pending before the Honorable Napoleon Jones (Case No. 05 CV-1660 J (WMc)) (the "first-filed action") (See Request For Judicial Notice, filed concurrently herewith, No. 1). Plaintiff's first-filed action is an individual action regarding the Chipotle restaurants located at 1504 Garnet Avenue in San Diego and 268 North El Camino Real in Encinitas. In that first-filed action, Mr. Antoninetti alleges causes of action for violations of the ADA, the Unruh Civil Rights Act, Health and Safety Code Sections 19950, et seq. and declaratory and injunctive relief. Mr. Antoninetti prays for injunctive relief, special, compensatory and statutory damages, attorneys' fees and such other relief as the court deems proper.

On October 3, 2006, Chipotle answered Plaintiff's Complaint. (See Request For Judicial Notice, No. 2).

On November 17, 2005, this Court entered its Order Regulating Discovery and Other Pretrial Proceedings requiring, among other things, that "[a]ny motion to join other

---

parties, to amend the pleadings, or to file additional pleadings shall be filed on or before December 12, 2005." (See Request For Judicial Notice, No. 3).

On December 12, 2005, the parties entered into a Stipulation for Extension of Time to Join Parties, Amend Pleadings or File Additional Pleadings in the first-filed action. (See Request For Judicial Notice, No. 4). On January 12, 2006, the parties entered into a second Stipulation for Extension of Time to Join Parties, Amend Pleadings or File Additional Pleadings. (See Request For Judicial Notice, No. 5). The parties have not entered into any subsequent stipulations extending the January 30, 2006 date. (Declaration of Stacey L. Herter, ¶ 2.)

On December 6, 2006, Plaintiff filed a second action against Chipotle, which is a putative class action that he initiated with four other individual putative class representatives. (See Request For Judicial Notice, No. 6). This action is currently pending before the Honorable Larry Burns (Case No. 06 CV-2671-LAB (POR)) (the "second-filed action" or "putative class action"). The second-filed purported class action initiated by Plaintiff and putative class representatives, Jean Riker, James Perkins, Karen Friedman and Michael Rifkin seeks relief identical to that in the first-filed action. In the second-filed action, plaintiffs seek relief against all "83 Chipotle restaurants within the State of California." This necessarily includes the restaurants at issue in the first-filed action. The core factual issues in both cases are identical -- that the design of Chipotle's counter allegedly makes it difficult for a wheelchair user to see his or her food preparation. Like Plaintiff's first case, this action alleges causes of action for violations of the ADA, the Unruh Civil Rights Act and declaratory relief. Plaintiffs have additionally asserted causes of action for Unfair Business Practices, Intentional Infliction of Emotional Distress and Negligence Per Se. Plaintiffs' prayer seeks declaratory and injunctive relief, compensatory damages, statutory damages, attorneys' fees and such other relief as the court deems just and fair.

On December 28, 2006, Chipotle answered the second-filed action. (See Request For Judicial Notice, No. 7).

On January 11, 2007, Plaintiff filed a Notice of Related Cases in both actions. (See Request For Judicial Notice, Nos. 8 & 9).

## B. Chipotle's Attempts To Meet And Confer With Plaintiff Regarding Dismissal Of The First-Filed Action

On December 28, 2006, counsel for Chipotle telephoned counsel for Plaintiff and left her a voicemail regarding Plaintiff's two actions and requesting that Plaintiff dismiss the first-filed action since it would necessarily be encompassed by the second-filed action. (Herter Decl., ¶ 3.)

On January 2, 2007, counsel for Chipotle sent correspondence to Plaintiff's counsel following up on the prior voicemail and attempting to meet and confer with Plaintiff on this matter before filing a motion to dismiss and seeking sanctions. Counsel for Chipotle requested that Plaintiff dismiss the first-filed action without prejudice and offered to accept service of the second-filed action. (Herter Decl., ¶ 4.)

On January 3, 2007, Plaintiff's counsel's assistant telephoned Chipotle's counsel and followed up with correspondence representing that Plaintiff's counsel was out of the country until January 10, 2007. (Herter Decl., ¶ 5.)

Thereafter, on January 9, 2007, counsel for both parties spoke via telephone. During that telephone call, Plaintiff's counsel stated that she had no interest in voiding or continuing the Court's Orders in the first-filed case and that she would not dismiss the first-filed case and "start over" with the second-filed putative class action. (Herter Decl., ¶ 6.) Also on January 9th, Plaintiff's counsel sent correspondence to Chipotle's counsel reiterating the telephone discussion, including Plaintiff's opinion that the two actions were separate and distinct. (Herter Decl. ¶ 7.)

On January 10, 2007, counsel for Chipotle sent another letter to Plaintiff's counsel regarding Plaintiff's improper attempts to circumvent the Court's Orders in the first-filed case and detailing Plaintiff's improper attempts to "judge-shop." Chipotle once again demanded dismissal of the first-filed case and requested that Plaintiff allow the all-encompassing class action to proceed. (Herter Decl., ¶ 8.)

On January 11, 2007, Plaintiff's counsel responded to the January 10th correspondence, again refusing to dismiss the first-filed action and stating that she had filed a Notice of Related Case and requested that the cases either be joined or the putative class action be stayed pending resolution of the first-filed action. [1] (Herter Decl., ¶ 9.)

This motion follows.

## II.

## ARGUMENT

### A. The Filing Of The Second-Filed Action Violates Is Tantamount To An Improper And Untimely Amendment And Therefore Violates This Court's Scheduling Orders Warranting Dismissal

This Court's November 17, 2005, Order Regulating Discovery and Other Pretrial Proceedings requires the parties to file "[a]ny motion to join other parties, to amend the pleadings, or to file additional pleadings . . .on or before December 12, 2005." (Request for Judicial Notice No. 3.)

Two prior stipulations between the parties extended the time to add new parties to January 9, 2006 and then January 30, 2006. (Request for Judicial Notice Nos. 4 & 5.) No subsequent stipulations extending the January 30, 2006 date have been entered into.

FRCP 16(f) states that:

> If a party or party's attorney fails to obey a scheduling or pretrial order, . . . the judge, upon motion or the judge's own initiative, may make such orders with regard thereto as are just, and among others any of the orders provided in Rule 37(b)(2)(B), (C), (D). In lieu of or in addition to any other sanction, the judge shall require the party or the attorney representing the party or both to pay the reasonable expenses incurred because of any noncompliance

---

[1] Plaintiff's purported Notice of Related Case is improper insofar as it goes beyond laying out the criteria specified in Local Civil Rule 40.1(f) and requests joinder of the two cases or a stay of the second-filed action. Such a notice is the incorrect vehicle by which to request such relief and should therefore be wholly disregarded; Chipotle is entitled to oppose or respond to such representations and relief.

4

with this rule, including attorney's fees, unless the judge finds that the noncompliance was substantially justified or that other circumstances make an award of expenses unjust.

Likewise, Local Civil Rule 41.1(b) provides that "[f]ailure to comply with the provisions of the local rules of this court may also be grounds for dismissal under this rule."

Plaintiff's filing of the putative class action is tantamount to an amendment of the Complaint in the first-filed action - albeit an untimely and improper amendment. This Court has already entered a scheduling order setting December 12, 2005 as the deadline for any amendments. The parties subsequent stipulations extended that time to January 30, 2006. Faced with a motion cut-off date of a little over a month and the inability to amend the complaint, Plaintiff tactically filed the putative class action. Insofar as Plaintiff is attempting to circumvent and disobey this Court's scheduling orders, Chipotle requests that this Court dismiss the first-filed action and allow the putative and all-encompassing class action before Judge Burns to proceed.

**B.  Plaintiff's Filing Of Two Identical Actions Is Impermissible Judge Shopping For Which Plaintiff And Counsel May Face Sanctions, Including Dismissal**

Judge-shopping "doubtless disrupts the proper functioning of the judicial system and may be disciplined." *Standing Comm. on Discipline of the U.S. Dist. Ct. for the Cent. Dist. of Cal. v. Yagman*, 55 F.3d 1430, 1443 (9th Cir. 1995). These "attempts to manipulate the random case assignment process are subject to universal condemnation." *United States v. Phillips*, 59 F.Supp.2d 1178, 1180 (D.Utah 1999) (*citing United States v. Conforte*, 457 F.Supp. 641, 652 (D.Nev. 1978), *aff'd*, 624 F.2d 869 (9th Cir. 1980)).

The Ninth Circuit in *Hernandez v. City of El Monte*, 138 F.3d 393 (9th Cir. 1998) discussed the practice of judge-shopping as well as the district court's prerogative to sanction said practice. Although the Ninth Circuit reversed the dismissal with prejudice of plaintiffs' action, holding that the district court abused its discretion in failing to consider less drastic sanctions, it upheld the district court's finding of judge-shopping.

The plaintiffs in *Hernandez* had originally filed their action in federal court. One month after filing their action in federal court, and eighteen days after receiving notice of the assignment to a particular judge, the plaintiffs filed an identical action in state court, shuffling the order in which the names of the parties appeared as to effectively change the case caption. The defendants removed this second action to federal court. When the district court inquired as to the second filing, the plaintiffs explained that they had initially filed in federal court because of discovery advantages but then decided to dismiss that action and file in state court in order to gain advantages in jury selection. The district court then dismissed the action with prejudice upon the defendants' motion to dismiss. Although the dismissal with prejudice was reversed, the Ninth Circuit recognized that "[t]he district court's inherent power to impose dismissal or other appropriate sanctions therefore must include the authority to dismiss a case for judge-shopping." *Id.* at 399.

In *Smith v. Mt. Sinai Hospital*, 1985 WL 561, No. 84 Civ. 9111-CSH (S.D.N.Y. Apr. 22, 1985), *aff'd*, 857 F.2d 1461 (2d Cir. 1987), the plaintiff moved to voluntarily dismiss the complaint and later refiled the same complaint. The defendants alerted the Court to this fact, alleging that the plaintiff's counsel had expressed that she did not want to "deal" with the first assigned judge and "wanted to get away from" him and would therefore withdraw the complaint without prejudice and refile it again in order to obtain a different judge. The plaintiff's attorney sharply disputed this version of the facts. She averred that she had moved to dismiss the complaint in order to protect her client from the divulgation of certain information she learned from the defendants' counsel and, that after discussing the same with her client, she decided that the information would not have as negative of an impact as the defendants' counsel had first led her to believe and refiled the complaint. The Court found that the defendants' allegations "at the very least raise the appearance of 'judge-shopping.'" *Id.* at *2. Pursuant to its local rules, the Court proceeded to transfer the action back to the original judge, stating that the case could be returned if the first judge found that the local rule banning judge-shopping had not been

violated.

In *In re Fieger,* 1999 WL 717991, 1999 U.S.App. Lexis 22435, No. 97-1359 (6th Cir. Sept. 10, 1999) the plaintiffs filed thirteen duplicate complaints in the same district and then dismissed all but one of them. Their attorney publicly admitted that he had done so in order to ensure assignment to his judge of preference. He was sanctioned and reprimanded by a three-judge panel. The Sixth Circuit upheld the reprimand, finding that Fieger had "circumvented the random assignment rule," and thus "violated the [local] rules, as well as his duties as an officer of the court." *Id.,* 1999 WL 717991, *1, 1999 U.S.App. Lexis 22435, at * 3.

Similarly, in *Murray v. Sevier,* 1992 WL 75212, 1992 U.S. Dist. Lexis 4057 (D.Kan. March 13, 1992), counsel filed six actions, all alleging the same general factual claims. Each was assigned a different case number and each was independently was assigned to a judge. The following business day, counsel voluntarily dismissed all but one of the cases. In the remaining case, he requested leave to amend the complaint to add the parties contained in the dismissed actions. The Court expressed that it could "easily thwart these efforts [to judge-shop] by the judicious exercise of the tools of judicial administration." *Murray,* 1992 WL 75212, *1, 1992 U.S. Dist. Lexis at *2 (*quoting Gen. Elec. v. Merhige,* 1972 WL 2601 (4th Cir.1972)). The *Murray* Court then decided that it would dismiss the action without prejudice until it could hold a conference with all litigants in which it would determine whether the case would be assigned to the first judge selected when all the cases were filed or, alternatively, consolidate all cases before it, or another court.

It stems from this discussion that a court faced with judge-shopping has the authority to act to preserve the integrity and control of its docket. *See Span-Eng Assocs. v. Weidner,* 771 F.2d 464, 470 (10th Cir. 1985). Moreover, "[i]t is particularly important for a district utilizing a random selection process to jealously guard the integrity of the system from potential abuse which attempts to circumvent the process." *Murray,* 1992 WL 75212, 1992 U.S. Dist. Lexis 4057 (*citing Knox v. McGinnis,* 1990 WL 103277, *1,

7

1990 U.S. Dist. Lexis 8711, *2 (N.D.Ill. July 12, 1990)). By engaging in judge-shopping, parties contravene the very purpose of random assignment, which is to "prevent judge-shopping by any party, thereby enhancing public confidence in the assignment process." *United States v. Mavroules,* 798 F.Supp. 61 (D.Mass. 1992).

Policy considerations and judicial economy also weigh heavily against condoning a party's judge-shopping practices. In addressing this issue, the District Court of Kansas expressed serious and well-reasoned concerns regarding the unnecessary expenditure of judicial resources:

> Judicial economy is well-served; with over 750 cases filed in this court in the past year, this court is unduly burdened by a claim that could more efficiently be heard in a case already pending in Judge Crow's court. This district's docket would become clogged and suffer virtual incapacitation if all litigants were allowed to bring a new cause of action every time a motion to amend was denied or partial summary judgment was granted. Furthermore, to allow the approach plaintiffs advocate would grant this court's seal of approval to a practice of flagrant judge-shopping. While the court is aware that a certain amount of judge-shopping occurs each time a litigant decides whether to file a case in Wichita, Topeka, or Kansas City, the court cannot condone plaintiffs' practice of running to a different city within the district and filing a new case every time a judge in a prior action makes a ruling adverse to that litigant's position. The court cannot be made a party to what is in effect an appeal from Judge Crow's ruling in the 1985 action.

*Oxbow Energy, Inc. v. Koch Industries, Inc.,* 686 F.Supp. 278, 282 (D.Kan. 1988).

The timing of Plaintiff's actions lead to the conclusion that he is engaging in judge-shopping. As shown above, case law supports the proposition that a district court has the inherent power to dismiss an action for judge-shopping. "District courts have inherent power to control their dockets and may impose sanctions, *including dismissal,* in the

exercise of that discretion." (*Oliva v. Sullivan,* 958 F.2d 272 at 273 (9th Cir. 1992).) The Supreme Court has also stated that a "primary aspect" of every federal court's inherent power is "the ability to fashion an appropriate sanction for conduct which abuses the judicial process." *Chambers v. NASCO, Inc.,* 501 U.S. 32, 44-45, 111 S.Ct. 2123, 2133, 115 L.Ed.2d 27 (1991). Judge-shopping clearly constitutes "conduct which abuses the judicial process."

Accordingly, Chipotle requests that this Court exercise its inherent power to impose dismissal of the first-filed action without prejudice for Plaintiff's judge-shopping.

**C.   In The Alternative, Plaintiffs' First-Filed Case Should Be Consolidated Into The All-Encompassing Class Action**

When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay." (FRCP Rule 42(a).)

Rule 42(a) applies only to "actions . . . pending before the court" and thus does not empower the court to consolidate related proceedings pending in any other forum. The purpose of course is to enhance trial court efficiency (i.e., to avoid unnecessary duplication of evidence and procedures); and to avoid the substantial danger of inconsistent adjudications (i.e., different results because tried before different juries, or a judge and jury, etc.). (*E.E.O.C. v. HBE Corp.* (8th Cir. 1998) 135 F.3d 543, 551, consolidation inappropriate, however, if it leads to inefficiency, inconvenience or unfair prejudice to a party.) The single essential requirement is questions of law or fact common to the cases that are to be consolidated. (*Enterprise Bank v. Saettele* (8th Cir. 1994) 21 F.3d 233, 235.)

As discussed in detail above, both cases are based upon and involve the same claims, the same property, transaction or event and substantially the same facts and same questions of law. In particular, both actions are based on Plaintiff's allegations that the

design of Chipotle's counter allegedly makes it difficult for a wheelchair user to see his or her food preparation and violates the ADA and Unruh Civil Rights Act. The second-filed action necessarily encompasses all issues and relief in the first-filed action, while the first-filed action does not. Accordingly, Chipotle's request for consolidation of the first-filed action into the broader second-filed action is reasonable in that it will avoid repetitive trials of the same common issues and thus avoid unnecessary costs and delays to the Court and to the parties, as well as the substantial risk of inconsistent adjudications.

## III.

## CONCLUSION

For all of the foregoing reasons, Chipotle respectfully requests that this Court dismiss the first-filed action and allow the putative class action to proceed. In the alternative, Chipotle requests that the cases be consolidated for all purposes, with the first-filed action being consolidated into the second-filed action.

DATED: January 12, 2007           GREENBERG TRAURIG, LLP

                                  By _____
                                     Gregory F. Hurley
                                     Stacey L. Herter
                                     Attorneys for Defendant CHIPOTLE MEXICAN
                                     GRILL, INC.

# PROOF OF SERVICE

**STATE OF CALIFORNIA, COUNTY OF ORANGE COUNTY**

I am employed in the aforesaid county, State of California; I am over the age of 18 years and not a party to the within action; my business address is 650 Town Center Drive, Suite 650, Costa Mesa, CA 92626.

On the below date, I electronically filed the **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF CHIPOTLE'S MOTION TO DISMISS CASE NO. 05 CV 01660-J-WMC,** with the Clerk of the United States District Court for the Southern District of California, using the CM/ECF System. The Court's CM/ECF System will send an email notification of the foregoing filing to the following parties and counsel of record who are registered with the Court's CM/ECF System:

Amy B. Vandeveld
Law Offices of Amy B. Vandeveld
1850 Fifth Avenue, Suite 22
San Diego, CA 92101
T: (619) 231-8883
F: (619) 231-8329
Email: abvusdc@hotmail.com

*Attorneys for Plaintiffs*

**BY ELECTRONIC SERVICE VIA CM/ECF SYSTEM)**
In accordance with the electronic filing procedures of this Court, service has been effected on the aforesaid party(s) above, whose counsel of record is a registered participant of CM/ECF, via electronic service through the CM/ECF system.

☒ **(FEDERAL)** I declare under penalty of perjury that the foregoing is true and correct, and that I am employed at the office of a member of the bar of this Court at whose direction the service was made.

Executed on January 12, 2007, at Costa Mesa, California.

/s/
Susan Jackson

---

PROOF OF SERVICE
286119995v2 059908.010200

Case No. 05-CV-01660-J-WMC

1