1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURIZIO ANTONINETTI | Civil No. 05CV1660-J (WMc) |
| Plaintiff, | **AND RELATED CASE NUMBER:** |
| v. | 06CV2671-J (WMc) |
| CHIPOTLE MEXICAN GRILL, INC., | **ORDER:** |
| AND DOES 1 THROUGH 10, inclusive, | **(1) DENYING DEFENDANTS' MOTION TO DISMISS CASE NO. 05CV1660-J (WMc);** |
| Defendants. | |
| AND RELATED CASE | **(2) GRANTING DEFENDANTS' MOTION TO CONSOLIDATE FOR PURPOSES OF DISCOVERY ONLY.** |

Before the Court is Defendants Chipotle Mexican Grill's ("Defendants") Motion to Dismiss Case No. 05cv1660, or in the Alternative, to Consolidate Case No. 05cv1660 with Case No. 06cv2671.  [Doc. No. 67.]  The Court determined that the issues presented were appropriate for decision without oral argument pursuant to Civil Local Rule 7.1.d.1.  [Doc. No. 67.]  For the reasons stated below, the Court **DENIES** Defendants' Motion to Dismiss.  The Court **GRANTS** Defendants' Request for Consolidation for purposes of discovery only.

### *Background*

On August 22, 2005, Plaintiff filed an individual lawsuit against Defendants, and Defendants answered Plaintiff's Complaint.  [Case No. 05cv1660, Doc. Nos. 1, 3.]  On November 17, 2005, the Court entered an Order Regulating Discovery and Other Pretrial Proceedings

1  requiring that "[a]ny motion to join other parties to amend the pleadings, or to file additional

2  pleadings shall be filed on or before December 12, 2005."  [Case No. 05cv1660, Doc. No. 10.]

3  The parties subsequently entered into two stipulations to extend the time in which to join parties,

4  amend pleadings, or file additional pleadings.  [Case No. 05cv1660, Doc. Nos. 11, 13.]

5  On December 6, 2006, Plaintiff filed a second action against Defendants, this time as a

6  putative class action.  [Case No. 06cv2671, Doc. No. 1.]  Defendants answered the second-filed

7  action.  [Case No. 06cv2671, Doc. No. 3.]  The second-filed action was transferred to this Court

8  pursuant to Local Civil Rule 40.1.d.  [Doc. No. 10.]  Defendants subsequently filed the instant

9  Motion requesting that the Court either "dismiss the first-filed action and allow the putative and

10  all-encompassing class action . . . to proceed," or consolidate the two actions.  (Mot. at 5.)

11  **I. Complaint in Case No. 05cv1660**

12  In his first-filed action, Plaintiff alleges that he was denied full and equal access to

13  facilities owned and operated by Defendants because the facilities were inaccessible to individu-

14  als with disabilities who use wheelchairs for mobility.  (Compl. ¶ 9, 05cv1660.)  Plaintiff alleges

15  that Defendants' food serving and viewing counters are inaccessible.  (*Id.*)  Plaintiff alleges the

16  following causes of action against Defendants: (1) violation of the Americans with Disabilities

17  Act; (2) violation of the California Civil Code; and (3) violation of California Health and Safety

18  Code.  (*Id.* ¶¶ 15-27.)

19  **II. Complaint in Case No. 06cv2671**

20  On December 6, 2006, Plaintiffs Maurizio Antoninetti, Jean Riker, James Perkins, Karen

21  Friedman, and Michael Rifkin filed a Complaint alleging that Defendants "deny access to people

22  in wheelchairs to the goods, services, advantages, privileges, accommodations and benefits

23  afforded to non-disabled customers."  (Compl. ¶ 13, 06cv2671.)  Specifically, Plaintiffs allege

24  that the high walls at Defendants' restaurants preclude individuals in wheelchairs from seeing

25  the food items available for selection in the same manner as is available to nondisabled individu-

26  als.  (*Id.* ¶ 28.)  Plaintiffs bring the action "on their own behalf and on behalf of all persons

27  similarly situated."  (*Id.* ¶ 24.)  The class Plaintiffs seek to represent consists of "all persons with

28  mobility disabilities who use wheelchairs or motorized mobility aides, who have been or will be

1   denied their rights under the ADA, and state law to access goods, services, benefits, advantages,

2   privileges and accommodations provided by Chipotle at its approximately 83 restaurants within

3   the state of California." (*Id.*) Plaintiffs allege the following causes of action against Defendants:

4   (1) violation of the Americans with Disabilities Act; (2) violation of the California Civil Code;

5   (3) unfair business practice; (4) intentional infliction of emotional distress; and (5) negligence

6   per se. (*Id.* ¶¶ 32-66.)

7   ***Discussion***

8   **I. Defendants' Motion to Dismiss Plaintiff's First-Filed Action**

9       Defendants argue that the Court should dismiss Plaintiff's first-filed action because

10  Plaintiff's filing of the putative class action amounts to an untimely and improper amendment to

11  the first-filed complaint. (Mot. at 5.) Defendants also argue that Plaintiff's filing of two

12  identical actions is impermissible judge shopping for which Plaintiff may face sanctions,

13  including dismissal. (*Id.*)

14      District courts retain broad discretion to control their dockets, and "[i]n the exercise of

15  that power they may impose sanctions including, where appropriate, default or dismissal."

16  *Thompson v. Hous. Auth.*, 782 F.2d 829, 831 (9th Cir. 1986) (citing *Link v. Wabash R.R. Co.*,

17  370 U.S. 626, 629-30 (1962)). The Supreme Court has stated that a "primary aspect" of every

18  federal court's inherent power is "the ability to fashion an appropriate sanction for conduct

19  which abuses the judicial process." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). As a

20  result, a district court has discretion to dismiss a later-filed action, to stay that action pending

21  resolution of the previously filed action, or to consolidate both actions. *See Curtis v. Citibank,*

22  *N.A.*, 226 F.3d 133, 138-39 (2d Cir. 2000); *Walton v. Eaton Corp.*, 563 F.2d 66, 70 (3d Cir.

23  1977) (en banc). The Ninth Circuit has made clear that "dismissal is a harsh penalty and,

24  therefore, it should only be imposed in extreme circumstances." *Hernandez v. City of El Monte*,

25  138 F.3d 393, 399 (9th Cir. 1998).

26      The Court finds that Defendants have failed to establish that "extreme circumstances"

27  warrant dismissal of Plaintiff's first-filed action. *See Hernandez*, 138 F.3d at 399. The record

28  does not indicate that Plaintiff engaged in judge shopping by filing the second action. In fact,

1   Plaintiff filed a Notice of Related Case, requested that the class action be assigned to this Court,

2   and did not seek any extension of dates in the first-filed action.  [*See* Case No. 06cv2671, Doc.

3   No. 8.]  Further, Plaintiff's second-filed action does not amount to an improper amendment of

4   the first-filed action because the two lawsuits are not duplicative.  The first-filed action names

5   only Mr. Antoninetti as Plaintiff and alleges violations by two of Defendants' restaurants.

6   [*See* Case No. 05cv1660, Doc. No.1.]  In contrast, the second-filed action names Mr.

7   Antoninetti, Ms. Riker, Dr. Perkins, Ms. Friedman, and Mr. Rifkin as Plaintiffs, seeks to

8   represent a class of persons with mobility disabilities, and alleges violations by all of Defen-

9   dants' California restaurants.  [*See* Case No. 06cv2761, Doc. No. 1.]  The second-filed action

10   also describes the alleged lack of accommodations that Mr. Antoninetti, Ms. Riker, Dr. Perkins,

11   Ms. Friedman, and Mr. Rifkin each experienced while visiting different restaurants owned by

12   Defendants.  [*Id.*]  Extensive discovery already has been conducted in the first-filed action, and

13   much of that discovery would be applicable to the second-filed action.  [*See, e.g.*, Case No.

14   05cv1660, Doc. Nos. 35, 38, 40, 57.]  Dismissal of Plaintiff's first-filed action would therefore

15   result in judicial inefficiency and unnecessary duplication of discovery.  Accordingly, the Court

16   **DENIES** Defendants' Motion to Dismiss Plaintiff's first-filed action.

17   **II. Defendants' Motion to Consolidate Plaintiff's Two Actions**

18       Defendants argue that if the Court allows Plaintiff's first-filed action to proceed, Plain-

19   tiff's two actions should be consolidated because they involve substantially the same facts and

20   questions of law.  (Mot. at 9.)  Plaintiff "has no objection to the consolidation."  (Pl.'s Mem. at

21   2.)

22       Federal Rule of Civil Procedure 42(a) provides in pertinent part that "[w]hen actions

23   involving a common question of law or fact are pending before the court . . . it *may* order all the

24   actions consolidated; and it *may* make such orders concerning proceedings therein as may tend

25   to avoid unnecessary costs or delay."  Fed. R. Civ. P. 42(a) (emphasis added).  When related

26   cases fall within the parameters of Rule 42, it is within the district court's sound discretion to

27   consolidate them.  *See Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777 (9th Cir. 1989).

28   Rule 42 does not demand that the actions be identical before they may be consolidated.  "Rather,

in deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result." *Takeda v. Turbodyne Technologies, Inc*., 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999).

After reviewing the complaints in the two related cases, the Court **FINDS** that they involve common questions of fact and law and common defendants. As Defendants point out, both actions are based on Plaintiffs' allegations that the design of Defendants' restaurants allegedly makes it difficult for an individual who uses a wheelchair to see his or her food preparation in violation of the ADA and California's Unruh Civil Rights Act. (*See* Mot. at 9-10.) Because of the similarities between the two cases, consolidation will save time and effort on all sides of the litigation. Moreover, no parties in the case oppose consolidation, or assert that consolidation would produce inconvenience, delay, confusion, or prejudice. The Court notes that extensive discovery proceedings have already taken place in Case No. 05cv1660, and that the parties have informed the Court that they are prepared to file dispositive motions in Case No. 05cv1660. The Court also notes that although Case No. 05cv1660 was filed on August 22, 2005, the parties have yet to file dispositive motions in this case. To facilitate the filing of dispositive motions in the first-filed case, the Court **ORDERS** consolidation of Case No. 05cv1660 and Case No. 06cv2671 for the limited purpose of discovery only. Plaintiffs will not be required to file a consolidated complaint at this time. The question of consolidation for trial is reserved for future consideration.

//
//
//
//
//
//
//

05CV1660 J (WMc) / 06CV2671 J (WMc)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Conclusion*

For the reasons stated above, Defendants' Motion to Dismiss Case No. 05cv1660 is **DENIED**. Defendants' Motion to Consolidate Case No. 05cv1660 and Case No. 06cv2671 is **GRANTED** for purposes of discovery only at this time.

**IT IS SO ORDERED**.

DATED:  March 20, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge McCurine
      All Parties