# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, <br><br> Plaintiff, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC., AND DOES 1 THROUGH 10, inclusive, <br><br> Defendants. | Civil No. 05CV1660-J (WMc) <br><br> **ORDER:** <br><br> **(1) DENYING DEFENDANT'S MOTION FOR PARTIAL RECONSIDERATION [DOC. NO. 132];** <br><br> **(2) DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [DOC. NO. 135]** |

Before the Court are two motions. Defendant Chipotle Mexican Grill ("Defendant") has filed a Motion for Partial Reconsideration of the Court's Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment. [Doc. No. 132.] Plaintiff has also filed a Motion for Reconsideration. [Doc. No. 135.] The issues presented are decided without oral argument. *See* S.D. Cal. Civ. R. 7.1.d.1 (2006). For the reasons stated below, the Court **DENIES** the parties' Motions for Reconsideration.

### *Background*

On June 14, 2007, the Court issued an Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment. [Doc. No. 129.] The Court first addressed Plaintiff's claim that the food-preparation counters at Defendant's restaurants were too high and violated

the Americans with Disabilities Act ("ADA"). (*See* Order on Mots. for Summ. J. at 7.) The Court found that the food-preparation counters were sales and service counters and were therefore governed by ADA Accessibility Guideline ("ADAAG") § 7.2. (*Id.* at 13.) The Court found that Defendant had not provided a portion of the food-preparation counter that complied with the ADA, nor had Defendant provided an ADA-compliant auxiliary counter. (*Id.* at 15-16.) However, the Court found that there was a genuine issue of material fact as to whether Defendant had provided "equivalent facilitation" to customers in wheelchairs within the meaning of ADAAG § 7.2(2)(iii). (*Id.* at 17.) Under Defendant's Customers with Disabilities Policy ("Policy"), employees were instructed to implement a variety of accommodations to assist customers with disabilities. (*Id.*) The Court found that there was a genuine issue of material fact as to whether the Policy provided substantially equivalent access to Defendant's restaurants. (*Id.*) Accordingly, the Court denied Defendant's Motion for Summary Judgment as to Plaintiff's claims that the food-preparation counters violated the ADA.

The Court next addressed Plaintiff's claims that the parking lots at Defendant's restaurants violated the ADA. (*Id.* at 20.) The Court found that Plaintiff had set forth facts demonstrating that the parking lots at Defendant's restaurants had previously violated the ADA, and that Defendant had remedied the ADA violations. (*Id.*) Because only injunctive relief is available under the ADA, and because the parking lots at Defendant's restaurants are currently ADA compliant, the Court found that Plaintiff's ADA claims were moot. (*Id.*) The Court therefore granted summary judgment for Defendant as to Plaintiff's ADA claims regarding the parking lots. (*Id.*) However, the Court found that Plaintiff's state law claims presented a live controversy, because a plaintiff can recover damages under California's Unruh Civil Rights Act ("Unruh Act") and Disabled Persons Act ("DPA"). (*Id.* at 21.) The Court noted that under California law, a violation of the ADA also constitutes a violation of the Unruh Act and the DPA. (*Id.* at 23.) Finding no material issue that the parking at Defendant's restaurants previously violated the ADA, the Court granted summary judgment in favor of Plaintiff as to his state law claims regarding the parking at Defendant's restaurants. (*Id.* at 24.)

*Legal Standard*

A motion for reconsideration is "appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *See Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). "[A] motion for reconsideration should not be granted, absent highly unusual circumstances." *See 389 Orange St. Partners v. Arnold*, 179 F.3d 656, 665 (9th Cir. 1999). A motion for reconsideration may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation. *See id.; Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000).

*Discussion*

**I. Defendant's Motion for Reconsideration**

Defendant requests that the Court reconsider its ruling only as to Plaintiff's state law claims regarding the parking at Defendant's restaurants. (Mot. for Recons. at 1.) Defendant does not seek reconsideration of any other portion of the Order. (*Id.*) Defendant argues that the Court should have declined to exercise supplemental jurisdiction over Plaintiff's state law claims regarding the parking at Defendant's restaurants. (Mot. for Recons. at 3.) According to Defendant, Plaintiff's state law claims raise a novel and complex issue of unresolved state law because this Court is faced with irreconcilable authorities based on the current status of state law. (*Id.* at 4.) In addition, Defendant asserts that convenience and fairness mandate dismissal of Plaintiff's state law claims, and that Plaintiff's state law claims substantially predominate over his federal law claims. (*Id.* at 11.)

A district court does not abuse its discretion in declining to consider arguments that are raised for the first time in a motion for reconsideration. *See Kona Enters.*, 229 F.3d at 890 ("A Rule 59(e) motion may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation."); *Novato Fire Prot. Dist. v. United States*, 181 F.3d 1135, 1142, n.6 (9th Cir.1999) ("A district court has discretion to decline to consider an issue raised for the first time in a motion for reconsideration."); *Arnold*, 179 F.3d at 665 ("Our abuse of discretion review precludes reversing the district court for

declining to address an issue raised for the first time in a motion for reconsideration.");
*Rosenfeld v. DOJ*, 57 F.3d 803, 811 (9th Cir. 1995) ("The district court did not abuse its discretion in declining to consider an argument raised for the first time on reconsideration without a good excuse."); *Spacey v. Burgar*, 207 F. Supp. 2d 1037, 1054 (C.D. Cal. 2001) ("[T]his Court need not address an issue raised for the first time in a reconsideration motion.").

A review of Defendant's Motion for Summary Judgment reveals that the Motion failed to assert two of the arguments that Defendant now raises, for the first time, in its Motion for Reconsideration. Defendant did not argue in any of its moving papers that Plaintiff's claims under the Unruh Act require that he prove intentional discrimination. Nor did Defendant argue that there is a novel and complex issue of state law as to whether Plaintiff would be entitled to daily damages. A motion for reconsideration is not the proper avenue for raising legal theories that could have been, but were not, raised before the Court issued the order for which reconsideration is sought. *See Kona Enters.*, 229 F.3d at 890. Defendant did argue in its Motion for Summary Judgment that if the Court dismissed all of Plaintiff's federal claims, it should also dismiss Plaintiff's state law claims. (*See* Def.'s Mot. for Summ. J. at 23.) However, this argument was inapplicable because the Court did not dismiss all of Plaintiff's federal claims. (*See* June 14, 2007 Order at 16 (finding a genuine issue of material fact as to whether food-preparation counters at Defendant's restaurants violated the ADA).)

Defendant briefly asserted at the end of its Reply to Plaintiff's Opposition to Motion for Summary Judgment ("Reply") that Plaintiff's state law claims predominated over his federal claims and presented novel and complex issues of state law. (*See* Def.'s Reply at 9-10.) However, "arguments not raised by a party in its opening brief are deemed waived." *United States v. Romm*, 455 F.3d 990, 997 (9th Cir. 2006) (citing *Smith v. Marsh*, 194 F.3d 1045, 1052 (9th Cir.1999)); *see also Cedano-Viera v. Ashcroft*, 324 F.3d 1062, 1066 n.5 (9th Cir. 2003) ("[W]e decline to consider new issues raised for the first time in a reply brief."); *Bazuaye v. INS*, 79 F.3d 118, 120 (9th Cir. 1996) ("Issues raised for the first time in the reply brief are waived."); *State of Nev. v. Watkins*, 914 F.2d 1545, 1560 (9th Cir. 1990) ("[Parties] cannot raise a new issue for the first time in their reply briefs." (citations omitted)); *Ass'n of Irritated Residents v. C*

*& R Vanderham Dairy*, 435 F. Supp. 2d 1078, 1089 (E.D. Cal. 2006) ("It is inappropriate to consider arguments raised for the first time in a reply brief."); *United States ex rel. Giles v. Sardie*, 191 F. Supp. 2d 1117, 1127 (C.D. Cal. 2000) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."). Further, issues not considered because they were raised for the first time in a summary judgment movant's reply brief cannot be raised in a motion for reconsideration of an order denying summary judgment. *Fleener v. Trinity Broad. Network*, 203 F. Supp. 2d 1142, 1151 (C.D. Cal. 2001). Defendant's arguments that Plaintiff's state law claims predominated over his federal claims and raised novel and complex issues of state law were raised for the first time in Defendant's reply brief. As a result, they cannot be raised in the instant Motion for Reconsideration. Accordingly, the Court **DENIES** Defendant's Motion for Reconsideration.

**II. Plaintiff's Motion for Reconsideration**

Plaintiff argues that in ruling on his Motion for Summary Judgment, the Court erred in the following ways: (1) the Court misapplied ADAAG § 7.2(2)(iii) by finding a genuine issue of material fact as to whether Defendant's Customers with Disabilities Policy ("Policy") constitutes equivalent facilitation; (2) even if Defendant's Policy can constitute equivalent facilitation, the Policy was never used when Plaintiff was at Defendant's restaurants, resulting in a violation of the ADA; (3) the Court, and not a jury, must determine whether the Policy constitutes equivalent facilitation; (4) Defendant has failed to submit any facts demonstrating that the Policy provides equivalent facilitation; and (5) the Court should have utilized the ADA's general anti-discrimination provisions in ruling on the motions for summary judgment.

**A. Plaintiff's Argument that the Court Misapplied ADAAG § 7.2(2)(iii)**

Plaintiff argues that the Court committed clear error in finding that there was a genuine issue of material fact as to whether Defendant's Customers with Disabilities Policy provided equivalent facilitation under ADAAG § 7.2(2)(iii).[1] (Pl.'s Mot. for Recons. at 4.) Specifically,

---

[1] ADAAG § 7.2(2)(iii) provides that "[i]n areas used for transactions that may not have a cash register but at which goods or services are sold or distributed . . . equivalent facilitation shall be provided."

Plaintiff argues that Defendant's Policy cannot provide equivalent facilitation because it does not constitute a design or technology. (*Id.*)

As already stated, a district court does not abuse its discretion in declining to consider arguments that are raised for the first time in a motion for reconsideration. *See Kona Enters.*, 229 F.3d at 890. A review of Plaintiff's Motion for Summary Judgment and his Opposition to Defendant's Motion for Summary Judgment reveals that he failed to raise the argument that Defendant's Policy cannot provide equivalent facilitation under ADAAG § 7.2(2)(iii) because it is not a design or a form of technology. The parties extensively briefed the issue of what portions of the ADAAG, if any, should apply in this case. Each party specifically examined whether ADAAG § 7.2 is applicable to this matter. The Court duly considered those arguments and determined that there was a genuine issue of material fact under ADAAG § 7.2(2)(iii) as to whether Defendant's Policy provided equivalent facilitation. (*Id.* at 17.) Plaintiff's Motion for Reconsideration is not the proper avenue for raising the theory that Defendant's Policy is not a design or form of technology, as this theory was not raised before the Court issued its Order on the parties' motions for summary judgment. The Court therefore declines to consider Plaintiff's argument that Defendant's Policy does not constitute a design or a form of technology.

**B. Plaintiff's Argument that Defendant's Restaurants Never Accommodated Him**

Plaintiff argues that even if Defendant's Policy provides equivalent facilitation, the Policy was never implemented during his visits to Defendant's restaurants. (Pl.'s Mot. for Recons. at 2.) Plaintiff asserts that because there is no dispute that Defendant's employees never accommodated Plaintiff during his visits to the restaurants, the Court should have ruled that Defendant violated Plaintiff's rights to full and equal access under the ADA. (*Id.* at 3.) Contrary to Plaintiff's assertions, however, his own declaration states that during his visits to Defendant's restaurants, employees "communicated to me about what was on the other side of the wall"; "lifted up some of the ingredients one spoonful at a time"; and "showed me samples in small plastic cups." (Antoninetti Decl. ¶¶ 7, 16.) Although Plaintiff may be dissatisfied with the types of accommodations he received during his visits to Defendant's restaurants, whether those accommodations provided full and equal access to Defendant's restaurants is a question of fact

that cannot be resolved at the summary judgment stage. Given the evidence indicating that Plaintiff received some form of accommodation, there is a genuine issue of fact for trial as to whether the Policy and the accommodations included therein provided equivalent access to Defendant's restaurants.

### C. Plaintiff's Argument that the Court, and Not a Jury, Must Determine the Issue of Equivalent Facilitation

Plaintiff argues that the Court erred in stating that a jury should determine whether Defendant's Customers with Disabilities Policy provides equivalent facilitation under the ADAAG. (Pl.'s Mot. for Recons. at 10.) Plaintiff asserts that whether the facts support a finding of equivalent facilitation is a legal determination that must be made by the Court. (*Id.*) In opposition, Defendant argues that the question of equivalent facilitation is one of mixed law and fact that is properly left to a jury. (Opp'n to Pl.'s Mot. for Recons. at 12.) Because the parties did not have an opportunity to brief this issue at the summary judgment stage, the Court now examines this issue.

It is well established that questions of law are for the court to decide, and questions of fact are for the jury. *See Cooley v. United States*, 501 F.2d 1249, 1253 (9th Cir. 1974). An inference to be drawn that requires "experience with the mainsprings of human conduct" and reference to "the data of practical human experience" is a determination for the jury. *See Nunez v. Super. Oil Co.*, 572 F.2d 1119, 1126 (5th Cir. 1978). The Court cannot locate any case law stating whether the question of equivalent facilitation is a question of law for the court or a question of fact for the jury. However, courts have consistently held in the ADA context that the determination of whether a particular accommodation is reasonable is a question of fact. *See, e.g., EEOC v. Convergys Customer Mgmt. Group, Inc.*, __ F.3d __ (8th Cir. 2007); *Turner v. Hershey Chocolate U.S.*, 440 F.3d 604, 614 (3d Cir. 2006); *Rodal v. Anesthesia Group*, 369 F.3d 113, 121 (2d Cir. 2004); *Lujan v. Pac. Mar. Ass'n*, 165 F.3d 738, 743 (9th Cir. 1999).

The issue of whether Defendant's Policy provides equivalent access to Defendant's restaurants presents numerous factual issues that are inappropriate for disposition by the Court. Plaintiff alleges that the Policy cannot provide equivalent access because it does not allow

customers in wheelchairs to direct the preparation of their entrees, receive fast service, or judge the freshness of food to the same extent as standing customers. Resolution of these issues will require credibility determinations, the weighing of evidence, and the drawing of inferences from the facts, all of which are jury functions. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Further, a determination of whether the Policy's accommodations make Defendant's restaurants equally accessible to customers in wheelchairs and standing customers will require "reference to the data of practical human experience." *See Nunez*, 572 F.2d at 1126. For example, the finder of fact may be asked to determine whether placing food in sample cups or displaying spoonfuls of food enables a customer to judge the freshness of the ingredients. Because resolution of the issue of equivalent facilitation will require a fact-based inquiry, Plaintiff has failed to demonstrate that the Court erred in finding that equivalent facilitation is a question for the jury.

**D. Plaintiff's Argument that Defendant Has Failed To Submit Any Facts Demonstrating Equivalent Facilitation**

Plaintiff argues that the Court erred in finding that Defendant set forth sufficient facts to create a jury question as to whether its Policy provides equivalent facilitation. (Pl.'s Mot. for Recons. at 9.) In its Order on the parties' motions for summary judgment, the Court determined that there was a genuine issue of material fact as to whether the Policy provides equivalent facilitation. The Court based its finding on the undisputed fact that Defendant has instituted a nationwide Policy to provide several forms of accommodations to customers with disabilities, such as placing samples of food in cups to be handed to customers, permitting customers to see food at a table, or describing the food to customers. (Sedillo Decl. ¶ 4.) In addition, there is evidence in the record that these accommodations were implemented during Plaintiff's visits to the restaurants. (*See* Antoninetti Decl. ¶¶ 7, 16.) Further, Defendant's expert, who uses a wheelchair for mobility, stated that it was not necessary to see the ingredients at Defendant's restaurants in order to select an entree. (Blackseth Decl. ¶ 18.) Although Defendant submitted limited declaration testimony on the issue of equivalent facilitation, it is difficult to imagine what type of testimony Defendant could have submitted on this issue without appearing to be

self-serving.  For example, Defendant could have submitted declarations from customers with disabilities stating that the accommodations listed in the Customers with Disabilities Policy provided them with an equivalent dining experience.  However, regardless of the amount of declaration testimony submitted by Defendant, questions such as whether the cups permit a customer to judge the freshness of food, whether the accommodations enable customers with disabilities to receive their food in a timely fashion, and whether Defendant's employees regularly implement the Policy are all questions of fact that are inappropriate for resolution at the summary judgment stage.  Plaintiff thus has failed to demonstrate that the Court committed clear error in finding that there was a genuine issue of material fact as to equivalent facilitation.

### E. Plaintiff's Argument that the ADA's General Anti-Discrimination Provisions Apply

Plaintiff argues that the Court used the wrong legal standard in ruling on his motion for summary judgment, and that the ADA's general anti-discrimination provisions apply to his claims.  However, a court cannot grant a motion for reconsideration "where the grounds for amendment are restricted to . . . repetitive contentions of matters which were before the court on its prior consideration."  *Costello v. U.S. Gov't*, 765 F. Supp. 1003, 1009 (C.D. Cal. 1991).  The Court has already examined the issue of whether the ADA's general anti-discrimination provisions should apply to this case, and the Court determined that the ADAAG's more specific regulations governing sales and service counters govern this action.  (*See* Order on Mots. for Summ. J. at 18.)  Plaintiff cannot use his Motion for Reconsideration to relitigate the issue of whether the ADA's general anti-discrimination provisions control.

In sum, Plaintiff's Motion for Reconsideration does not present newly discovered evidence or an intervening change in controlling law, nor has Plaintiff demonstrated that the Court committed clear error in ruling on his Motion for Summary Judgment.  Accordingly, the Court **DENIES** Plaintiff's Motion for Reconsideration.

*//*
*//*
*//*

*Conclusion*

For the reasons stated above, the Court **DENIES** the parties' Motions for Reconsideration.

**IT IS SO ORDERED.**

DATED: August 23, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge McCurine
    All Parties