**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURIZIO ANTONINETTI, <br><br>  Plaintiff, <br><br> v. <br><br> CHIPOTLE MEXICAN GRILL, INC., AND DOES 1 THROUGH 10, inclusive, <br><br>  Defendants. <br><br> AND RELATED CASE | Civil No. 05CV1660-J (WMc) <br><br> **AND RELATED CASE NUMBER:** <br><br> 06CV2671-J (WMc) <br><br> **ORDER DENYING DEFENDANT'S *EX PARTE* MOTION TO CONSOLIDATE CASES FOR TRIAL** |

Before the Court is Defendant Chipotle Mexican Grill's ("Defendant") *Ex Parte* Motion to Consolidate Case No. 05cv1660 with Case No. 06cv2671. [Doc. No. 151.] The Court addresses Defendant's *Ex Parte* Motion without issuing a briefing schedule in order to avoid delaying the Final Pretrial Conference in Case No. 05cv1660, which is currently scheduled for September 10, 2007. [*See* Doc. No. 146.] For the reasons stated below, the Court **DENIES** Defendant's *Ex Parte* Motion to Consolidate.

*Background*

On August 22, 2005, Plaintiff Maurizio Antoninetti ("Plaintiff") filed an individual lawsuit against Defendant, and Defendant answered Plaintiff's Complaint. [Case No. 05cv1660, Doc. Nos. 1, 3.] In his first-filed action, Plaintiff alleges that he was denied full and equal access

to facilities owned and operated by Defendant because the facilities are inaccessible to individuals who use wheelchairs for mobility. (Compl. ¶ 9, 05cv1660.) Plaintiff alleges that Defendant's food-preparation counters are inaccessible. (*Id.*) Plaintiff alleges causes of action under the Americans with Disabilities Act and the California Civil Code. (*Id.* ¶¶ 15-27.)

On December 6, 2006, Plaintiff filed a second action against Defendant, this time as a putative class action. [Case No. 06cv2671, Doc. No. 1.] Plaintiffs Maurizio Antoninetti, Jean Riker, James Perkins, Karen Friedman, and Michael Rifkin filed a Complaint alleging that the high walls at Defendant's restaurants preclude individuals in wheelchairs from seeing the food items available for selection in the same manner as nondisabled individuals. (Compl. ¶ 28, 06cv2671.) The class Plaintiffs seek to represent consists of "all persons with mobility disabilities who use wheelchairs or motorized mobility aides, who have been or will be denied their rights under the ADA and state law to access goods, services, benefits, advantages, privileges and accommodations provided by Chipotle at its approximately 83 restaurants within the state of California." (*Id.*) Plaintiffs allege the following causes of action against Defendant: (1) violation of the Americans with Disabilities Act; (2) violation of the California Civil Code; (3) unfair business practice; (4) intentional infliction of emotional distress; and (5) negligence per se. (*Id.* ¶¶ 32-66.)

Defendant answered the second-filed action. [Case No. 06cv2671, Doc. No. 3.] The second-filed action was transferred to this Court pursuant to Local Civil Rule 40.1.d. [Doc. No. 10.] Defendant subsequently filed a Motion requesting that the Court consolidate the two actions. (Mot. at 5.) On March 20, 2007, the Court granted Defendant's Motion to Consolidate for purposes of discovery only. [Doc. No. 78.] The Court reserved the question of consolidation for trial for future consideration. On June 14, 2007, the Court granted in part and denied in part the parties' motions for summary judgment in Case No. 05cv1660. [Doc. No. 129.]

On September 6, 2007, Defendant filed the instant *Ex Parte* Motion to Consolidate. [Doc. No. 151.] According to a declaration attached to the instant Motion, Defendant's counsel contacted Plaintiff to determine whether Plaintiff would stipulate to consolidating the cases. (Vu

Decl. ¶ 7.) Plaintiff's counsel indicated that Plaintiff would not stipulate to the consolidation if it would delay the setting of trial in Case No. 05cv1660. (*Id.*)

### *Legal Standard*

Consolidation of actions is governed by Federal Rule of Civil Procedure 42(a), which provides as follows:

> When actions involving a common question of law or fact are pending before the court, it may order a joint hearing or trial of any or all the matters in issue in the actions; it may order all the actions consolidated; and it may make such orders concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Fed. R. Civ. P. 42(a). The district court has broad discretion in making this determination. *Investors Research Co. v. U.S. Dist. Ct.*, 877 F.2d 777, 777 (9th Cir. 1989). The presence of a common question of law or fact is a threshold requirement for consolidation. *Yousefi v. Lockheed Martin Corp.*, 70 F. Supp. 2d 1061, 1064-65 (C.D. Cal.1999). However, even if a common question of law or fact exists, consolidation is inappropriate if it results in "inefficiency, inconvenience, or unfair prejudice to a party." *EEOC v. HBE Corp.*, 135 F.3d 543, 551 (8th Cir. 1998); *see also Takeda v. Turbodyne Techs., Inc.*, 67 F. Supp. 2d 1129, 1132 (C.D. Cal. 1999) ("[I]n deciding whether to consolidate actions under Rule 42(a), a court must balance the savings of time and effort consolidation will produce against any inconvenience, delay, confusion, or prejudice that may result.").

In addressing consolidation, a court should consider the risk of delaying trial. "Federal courts have declined to consolidate cases involving common questions of law or fact where the cases were at different stages of preparedness for trial and where consolidation would delay the case ready of disposition." *Servants of the Paraclete, Inc. v. Great Am. Ins. Co.*, 866 F. Supp. 1560, 1572 (D.N.M. 1994) (citing *Mills v. Beech Aircraft Corp.*, 886 F.2d 758, 762 (5th Cir. 1989); *Petromanagement Corp. v. Acme-Thomas Joint Venture*, 835 F.2d 1329, 1334 (10th Cir. 1988); *St. Bernard Gen. Hosp. v. Hosp. Serv. Ass'n*, 712 F.2d 978, 990 (5th Cir. 1983)). Where a case that is ready for or close to trial would be held up pending completion of pretrial proceedings in another case, courts have consistently denied consolidation. *Transeastern Shipping Corp. v. India Supply Mission*, 53 F.R.D. 204, 206 (S.D.N.Y. 1971).

*Discussion*

Defendant argues that Case No. 05cv1660 and Case No. 06cv2671 should be consolidated because the cases involve many of the same questions of law and fact and have the same lead plaintiff. (Mot. to Consol. at 1.) Defendant argues that consolidation will conserve judicial resources. (*Id.*) Defendant also argues that if the Court does not consolidate the cases, there is a risk of inconsistent judgments. (*Id.*) Plaintiff opposes Defendant's Motion to Consolidate insofar as it would delay the setting of trial in Case No. 05cv1660. (*See* Vu Decl. ¶ 7.)

The Court recognizes, as it did in its Order on Defendant's first motion to consolidate, that Case No. 05cv1660 and Case No. 06cv2671 involve common questions of fact. (*See* Order on Mot. to Consol. at 5.) However, there is no overriding evidence showing that consolidation would enhance court efficiency. There are significant procedural differences between Case No. 05cv1660 and Case No. 06cv2671. Case No. 05cv1660 is ready for trial and was filed more than two years ago. Case No. 06cv2671 was filed nine months ago and is still in the formative stages. No trial date or discovery cutoff date has been set in Case No. 06cv2671, nor has a motion for class certification been filed. Consolidation of Case No. 06cv2671 realistically would delay trial in Case No. 05cv1660 for several months because the second-filed case is a class action and encompasses all of Defendant's California restaurants. Thus, Case No. 06cv2671 involves significantly more plaintiffs and public accommodations than Case No. 05cv1660. All of these factors strongly weigh against consolidation of the two cases.

Defendant argues that if the Court does not consolidate the two cases, there is a risk of inconsistent judgments. (Mot. to Consol. at 1.) However, this is not a situation in which numerous actions have been filed against Defendant in multiple jurisdictions. Both cases were filed in this District and were assigned to this Court. Under principles of *stare decisis*, the Court will be obligated to follow its legal rulings in the first-filed case when it rules upon the second-filed case, thereby eliminating the danger of inconsistent judgments.

Defendant also asserts that "there is a substantial likelihood that some or all of the legal rulings and factual determinations in the First Action will bind the putative class members in the Second Action," and that this raises due process concerns. (Mot. to Consol. at 6.) Certainly, a

ruling in Defendant's favor will have *stare decisis* effect on the putative class members in the second-filed case.  However, Defendant does not explain why the putative class members would be bound under principles of res judicata.  Res judicata "bars litigation in a subsequent action of any claims that were raised or could have been raised in the prior action. . . . The doctrine is applicable whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) *identity or privity between parties.*" *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (emphasis added).  Here, Mr. Antoninetti is a party to both the first-filed action and the second-filed action, and the Court's rulings in the first-filed action will therefore have a res judicata effect as to him.  However, Defendant does not explain why the Court's rulings in the first-filed action will have a res judicata effect as to members of the putative class. A court's order does not bind members of a putative class if no class action has been certified. *See Aguilera v. Pirelli Armstrong Tire Corp.*, 223 F.3d 1010, 1013 n.1 (9th Cir. 2000).  Because no class has been certified in the second-filed action, there is little risk that the Court's ruling in the first-filed action will raise due process concerns as to the members of the putative class.

On balance, the potential for delay and prejudice outweighs any savings of time or effort that may result if the cases are consolidated for trial.  Accordingly, the Court **FINDS** that consolidation is not merited for purposes of trial.

## *Conclusion*

For the reasons stated above, the Court **DENIES** Defendant's *Ex Parte* Motion to Consolidate Case No. 05cv1660 with Case No. 06cv2671 for purposes of trial.  The cases shall remain consolidated for purposes of discovery.

**IT IS SO ORDERED.**

DATED:  September 7, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge McCurine
      All Parties