**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| MAURIZIO ANTONINETTI, Plaintiff, v. CHIPOTLE MEXICAN GRILL, INC., Defendant. | Civil No. 05cv1660 J (WMc) **ORDER DENYING PLAINTIFF'S MOTION TO AMEND THE AMENDED PRETRIAL ORDER** |

Before the Court is Plaintiff Maurizio Antoninetti's ("Plaintiff") Motion to Amend the Amended Pretrial Order. [Doc. No. 158.] For the reasons stated below, the Court **DENIES** Plaintiff's Motion.

***Background***

On June 14, 2007, the Court issued an Order Granting in Part and Denying in Part the Parties' Motions for Summary Judgment. [Doc. No. 129.] The bulk of the Order addressed Plaintiff's claim that the food-preparation counters at Defendant Chipotle Mexican Grill's ("Defendant") restaurants were too high and violated the Americans with Disabilities Act ("ADA"). (*See* Order on Mots. for Summ. J. at 7.) The Court found that the food-preparation counters were sales and service counters and were therefore governed by ADA Accessibility Guideline ("ADAAG") § 7.2. (*Id.* at 13.) The Court found that Defendant had not provided a

portion of the food-preparation counter that complied with the ADA, nor had Defendant provided an ADA-compliant auxiliary counter. (*Id.* at 15-16.) However, the Court found that there was a genuine issue of material fact as to whether Defendant had provided "equivalent facilitation" to customers in wheelchairs within the meaning of ADAAG § 7.2(2)(iii). (*Id.* at 17.) Under Defendant's Customers with Disabilities Policy ("Policy"), employees were instructed to implement a variety of accommodations to assist customers with disabilities. (*Id.*) The Court found that there was a genuine issue of material fact as to whether the Policy provided substantially equivalent access to Defendant's restaurants. (*Id.*) Accordingly, the Court denied Defendant's Motion for Summary Judgment as to Plaintiff's claims that the food-preparation counters violated the ADA.

On July 16, 2007, Plaintiff filed a Motion for Reconsideration of the Court's summary judgment order. [Doc. No. 135.] Plaintiff sought reconsideration on several grounds, including: (1) Defendant's Policy cannot provide equivalent facilitation because it does not constitute a design or technology; and (2) the Court should have utilized the ADA's general anti-discrimination policies in ruling on the motions for summary judgment. (Pl.'s Mot. for Recons. at 5.) On August 23, 2007, the Court denied Plaintiff's Motion for Reconsideration, finding that Plaintiff had failed to demonstrate that the Court committed clear legal error, Plaintiff could not raise arguments in the motion for reconsideration that had not been raised in his summary judgment papers, and Plaintiff could not relitigate issues that had already been resolved by the Court in its summary judgment order. [*See* Doc. No. 147.]

On September 4, 2007, the parties submitted a proposed pretrial order. [Doc. No. 149.] On September 10, 2007, the final pretrial conference was held. [Doc. No. 153.] At the pretrial conference, the Court struck several portions of the pretrial order because the Court had already addressed them in the order on the parties' motions for summary judgment and the order on the parties' motions for reconsideration. Specifically, the Court struck all issues of fact and law relating to the seating at Defendants' restaurants because, as noted in the order on the motions for summary judgment, Plaintiff failed to raise any claims regarding seating in his Complaint or any amendment thereto. (Order on Mots. for Summ. J. at 24.) The Court struck all issues of law

relating to whether Defendant's policy could constitute an equivalent facilitation because this issue was addressed in the Court's order on the motions for summary judgment and the order on the motions for reconsideration. (Order on Mots. for Summ. J. at 17; Order on Mots. for Recons. at 6.) The Court struck all issues of law relating to the general antidiscrimination provisions of the ADA because the Court found in its order on the motions for summary judgment that the specific provisions of the ADAAG control over the general provisions of the ADA. (Order on Mots. for Summ. J. at 18-19).

On September 24, 2007, the parties filed an Amended Pretrial Order. [Doc. No. 157.] In compliance with the Court's rulings at the pretrial conference, the amended pretrial order omitted all issues of fact and law that had been previously resolved by the Court in its orders on the motions for summary judgment and motions for reconsideration. On September 24, 2007, Plaintiff filed the instant Motion to Amend the Amended Pretrial Order. [Doc. No. 158.]

***Legal Standard***

Federal Rule of Civil Procedure 16(e) sets forth the standard for modification of a final pretrial order. Under the rule, a pretrial order may be modified "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The purpose of the pretrial order is "to guide the course of the litigation," and "once formulated, [it] should not be changed lightly." Fed. R. Civ. P. 16(e), Advisory Committee Note (citing *Clark v. Pa. R.R. Co.*, 328 F.2d 591 (2d Cir. 1964)). It is the moving party's burden to show that a manifest injustice would result if the pretrial order is not modified. *Byrd v. Guess*, 137 F.3d 1126, 1132 (9th Cir. 1998)

***Discussion***

Plaintiff seeks to modify the Amended Pretrial Order by reinstating several provisions of Proposed Pretrial Order that the Court struck at the pretrial conference. Specifically, Plaintiff seeks to amend the Amended Pretrial Order to include the following legal issues:

> Legal Issue No. 1. Whether "other designs and technologies", as referenced in the definition of "equivalent facilitation" at ADAAG Sec. 2.2, includes policies, practices and procedures, such as Defendant's Policy.

> Legal Issue No. 2. Whether Plaintiff was required to specifically identify seating areas in his Complaint, in order to recover damages relating to inaccessible seating areas.

> Legal Issue No. 3. Whether providing people in wheelchairs the opportunity to see food ingredients by placing food in sample cups, or by lifting tongfuls or handfuls of food, and/or the opportunity to watch the assembly of one's entree in the dining area at an adjacent table, is full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations, contemplated by 42 U.S.C. Sec. 12182.
>
> Legal Issue No. 4. Whether providing people in wheelchairs the opportunity to see food ingredients by placing food in sample cups, or by lifting tongfuls or handfuls of food, and/or the opportunity to watch the assembly of one's entree in the dining area at an adjacent table, violates 42 U.S.C. Sec. 12182 because the benefit provided is a "separate" benefit.

(Mot. to Amend at 1-2.)

The Court must examine whether any manifest injustice would result if the pretrial order is not modified. *See* Fed. R. Civ. P. 16(e). Plaintiff presents no new facts or law in support of his Motion. Rather, Plaintiff essentially rehashes the arguments presented in his Motion for Summary Judgment and Motion for Reconsideration. All four of the legal issues that Plaintiff seeks to add to the Amended Pretrial Order have already been addressed by the Court in the order on the motions for summary judgment, the order on the motions for reconsideration, and in the rulings at the final pretrial conference. Legal Issue No.1 was addressed in the orders on the motions for summary judgment and the motions for reconsideration. (Order on Mots. for Summ. J. at 16-17; Order on Mots. for Recons. at 6.) Legal Issue No. 2 was addressed in the order on the motions for summary judgment. (Order on Mots. for Summ. J. at 24.) Legal Issue No. 3 and Legal Issue No. 4 were also addressed in the orders on the motions for summary judgment. (*Id.* at 18-19.) Because Plaintiff has failed to demonstrate that circumstances have changed such that a manifest injustice would result if the Amended Pretrial Order is not modified, the Court **DENIES** Plaintiff's Motion to Amend the Amended Pretrial Order.

**IT IS SO ORDERED.**

DATED: October 4, 2007

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge McCurine
All Counsel of Record