Amy B. Vandeveld, State Bar No. 137904
LAW OFFICES OF AMY B. VANDEVELD
1850 Fifth Avenue, Suite 22
San Diego, California  92101
Telephone:  (619) 231-8883
Facsimile:  (619) 231-8329

Attorney for Plaintiff

IN THE UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI,<br><br>      Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC. and DOES 1 THROUGH 10, Inclusive,<br><br>      Defendants. | Case No.: 05 CV 1660 J (WMc)<br><br>**PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION IN LIMINE #3 TO EXCLUDE MICHAEL RIFKIN, JAMES PERKINS, AND JEAN RIKER AS TRIAL WITNESSES**<br><br>Date:   October 29, 2007<br>Time:   9:00 a.m.<br>Judge:  Napoleon A. Jones, Jr. |

Plaintiff hereby submits the following Memorandum of Points and Authorities in support of his Opposition to Chipotle's Motion in Limine #3.  This Opposition is based upon this Memorandum and upon such other documentary or other evidence as may be offered at the hearing on said motion.

**I.**

**THE WITNESSES WERE TIMELY DISCLOSED IN CASE NO. 06 CV 2671 WHICH WAS CONSOLIDATED WITH THE INSTANT CASE FOR DISCOVERY PURPOSES**

When a party fails to disclose information as required by Rule 26, the party "is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed." Fed. R. Civ. P. 37(c)(1).  The court may also, "in addition to or in lieu of this sanction . . . impose other appropriate

sanctions." Id.  District courts have a "particularly wide latitude" of discretion to issue sanctions under Rule 37(c)(1). *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1107 (9th Cir. 2001).

There is generally no prejudice where the untimely evidence does not raise any new issues in the case. See *Mansoor v. M/V Zaandam*, No. C05-1027P, 2006 U.S. Dist. LEXIS 57865, 2006 WL 2222332 (W.D. Wash., Aug. 17, 2006) (stating that a failure to disclose an expert witness might be harmless if the opposing party "had a reasonable opportunity to prepare for cross examination and to arrange for expert testimony from other witnesses on that issue") (emphasis added).

In addition, the absence of bad faith or gamesmanship in the failure to disclose also weighs against the imposition of sanctions. See *Johnson v. Sacramento County*, No. 06-0169, 2007 U.S. Dist. LEXIS 6298, 2007 WL 127799 (E.D. Cal. Jan. 12, 2007) (stating that one "cannot read the 'harmless' or 'lesser sanctions' exceptions out of the enforcement rule, Rule 37(c)(1), especially where the failure to disclose is not accompanied by gamesmanship, bad faith, or deliberate disobedience of a court order").

As noted by the Court in *Tuna Processors, Inc. v. Haw. Int'l Seafood, Inc.*, 2007 U.S. Dist. LEXIS 8341 (D. Haw. 2007), "While the Court recognizes that it would be within its discretion to strike Exhibit 6 notwithstanding its importance to HISI's defense, the Court also acknowledges the Ninth Circuit's longstanding policy encouraging courts to decide cases on the merits whenever possible. (Citing *Pena v. Seguros La Comercial, S.A.*, 770 F.2d 811, 814 (9th Cir. 1985) (stating that "[w]henever it is reasonably possible, cases should be decided on the merits).")

In this case, Plaintiff complied with the requirements of FRCP Rule 26(a)(3) and timely filed and served his pretrial disclosures on August 6, 2007.  Further, the Court consolidated the instant case with the related Class Action case for discovery purposes on March 20, 2007.  As noted by Chipotle, the challenged witnesses were disclosed in the Initial Disclosures filed by the class Plaintiffs in Case No. 06cv2671 just two months later on May 29, 2007, long before the pretrial conference in this case.  Plaintiff was justified

in relying on these disclosures in the instant action, since the two cases were consolidated specifically for discovery purposes.

Further, if Chipotle wished to take the depositions of those witnesses, it had every opportunity to do so, since they were disclosed six months before the scheduled trial date. The disclosures were made sufficiently in advance of trial that Chipotle had a reasonable opportunity to prepare for effective cross-examination. (See *Southern Union Company v. Southwest Gas Corp.*, 180 F.Supp.2d 1021, 1059-60 (D.Ariz. 2000), discussing timing of expert disclosures.)

Moreover, there is no "unfair surprise" to Chipotle because the content of the witnesses' testimony is clear from the very specific allegations of the Class Action Complaint in 06cv2671, paragraphs 16 to 20.

## II.

### THE WITNESSES MAY TESTIFY AS IMPEACHMENT WITNESSES

Impeachment witnesses need not be disclosed in pretrial disclosures or in responses to other discovery. FRCP 26(a)(1)(A), 26(a)(3); *Hammel v. Eau Galle Cheese Factory,* 407 F.3d 852, 869 (7th Cir. 2005). Plaintiff, therefore, was not even required to disclose these witnesses if they are offered solely as impeachment witnesses. See, e.g. *Adams v. Teck Cominco Alaska, Inc.*, 399 F. Supp. 2d 1031 (D. Alaska 2005) at **24; *Renteria v. Collectcorp*, 2005 U.S. Dist. LEXIS 41769 (N.D. Cal. 2005) at *5.

At issue is the effectiveness of Chipotle's Policy, as well as Chipotle's credibility regarding the implementation and effectiveness of its Policy. Chipotle's witnesses can be impeached by contradictory testimony or documents. FRE 607; *Dorn v. Burlington N. Santa Fe R.R. Co.*, (9th Cir. 2005) 397 F.3d 1183, 1193; *United States v. Castillo,* (9th Cir. 1999) 181 F.3d 1129, 1132-1133; *U.S. v. Hankey*, (9th Cir. 2000) 203 F.3d 1160, 1171.

The testimony of the challenged witnesses, then, should be admitted to allow Plaintiff to impeach the credibility of Chipotle's witnesses regarding the enforcement and effectiveness of the Policy.

## III.

### THE CHALLENGED WITNESSES HAVE PERSONAL KNOWLEDGE OF THE INACCESSIBILITY OF CHIPOTLE'S FOOD VIEWING AREAS AND THE FAILURE TO IMPLEMENT OR ENFORCE ITS PURPORTED NATIONAL POLICY

The Defendant in this case, it should be kept in mind, is the Chipotle Corporation. It is a national corporation. It's Policy is a national, corporate-wide policy. The design of the food viewing area is the same from store to store. While Plaintiff seeks injunctive relief at only two restaurants, Chipotle's corporate-wide Policy is at issue, as well as the design of the food viewing areas and the presence of walls blocking access to the food viewing areas.

Evidence of Chipotle's failure to enforce its national Policy at any store goes to Defendant's credibility that it is has actually implemented the Policy or that it intends to enforce the Policy. It also goes to the effectiveness of the Policy if it can be, and is, so easily ignored. "Ignoring a policy is the same as having no policy in the first place." *Woodward v. Correctional Med. Services of Ill., In*c. 368 F.3d 917, 929-930 (7th Cir. 2004).

Evidence that, despite the purported existence of the Policy, people with disabilities have described or complained about the inability to see the food items available or the preparation of their entrees is relevant to Chipotle's credibility that it's Policy is effective in providing "full and equal access" to people with disabilities. "Indeed, it is hard to imagine evidence more relevant to the issue of whether a sexual harassment policy was generally effective than evidence that male officers did not respect it and that female officers were not protected by it." *Hurley v. Atlantic City Police Dept.*, (3rd Cir. 1999) 174 F.3d 95, 111.

Further, in making a determination about whether the facts indicate a danger of future violations to warrant an injunction, the Court considers "the bona fides of the expressed intent to comply, the effectiveness of the discontinuance and, in some cases, the character of the past violations." *United States v. W.T. Grant Co.*, 345 U.S. 629, 633,

73 S. Ct. 894, 97 L. Ed. 1303 (1953) (emphasis added).

In the instant case, testimony from the challenged witnesses should be admitted on the issue of credibility of Chipotle's witnesses, as well as to impeach Chipotle's witnesses regarding the enforcement and effectiveness of the Policy.

## IV.

## CONCLUSION

For the reasons set forth above, Plaintiff should be allowed to offer the testimony of Jean Riker, Michael Rifkin and James Perkins at the time of trial.

Respectfully Submitted.

LAW OFFICES OF AMY B. VANDEVELD

Dated: 10/15/07

S/ AMY B. VANDEVELD
Attorney for Plaintiff
Email: abvusdc@hotmail.com