UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, <br><br>　　　　　　Plaintiff, <br><br>　v. <br><br>CHIPOTLE MEXICAN GRILL, INC., AND DOES 1 THROUGH 10, inclusive, <br><br>　　　　　　Defendants. | Civil No. 05CV1660-J (WMc) <br><br> Related to & Consolidated for Discovery with 06cv2671 (WMc) <br><br> **ORDER:** <br><br> **(1) DENYING PLAINTIFF'S MOTION TO EXCLUDE EXHIBITS AND TESTIMONY RELATING TO DEFENDANT'S POLICY** <br><br> **(2) DENYING PLAINTIFF'S MOTION TO EXCLUDE EXHIBITS NO. 51 AND 92 (DEFENDANT'S TRIAL MANUAL) AND ANY TESTIMONY RELATING THE TO TRIAL MANUAL** <br><br> **(3) DENYING PLAINTIFF'S MOTION TO EXCLUDE CUMULATIVE WITNESSES** <br><br> **(4) GRANTING PLAINTIFF'S MOTION TO EXCLUDE JOE STUPP'S TESTIMONY REGARDING 3/15/07 EMAIL** <br><br> **(5) GRANTING PLAINTIFF'S MOTION TO EXCLUDE EXPERT WITNESS TESTIMONY REGARDING APPLICABLE LAW AND REGULATIONS** |

**(6) DENYING DEFENDANT'S MOTION IN LIMINE TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING CHIPOTLE RESTAURANTS NOT AT ISSUE IN THE COMPLAINT**

**(7) DENYING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE AND ARGUMENT REGARDING NON-WITNESS ALLEGATIONS OF DISABILITY DISCRIMINATION**

**(8) GRANTING DEFENDANT'S MOTION TO EXCLUDE MICHAEL RIFKIN, JAMES PERKINS, AND JEAN RIKER**

**(9) DENYING IN PART AND GRANTING IN PART DEFENDANT'S MOTION TO EXCLUDE ANY EVIDENCE AND ARGUMENT REGARDING ALLEGATIONS THAT DEFENDANT'S EXPERT WITNESS KIM BLACKSETH HAD CONFLICTS OF INTEREST OR MISUSED HIS POSITION**

**(10) GRANTING DEFENDANT'S MOTION TO EXCLUDE EVIDENCE OF PRESS RELEASES AND NEWS ARTICLES BATES LABELED DEF RFP 24-0250 THROUGH DEF RFP 24-0281**

A Motion in Limine hearing was held for this action on Monday, November 5, 2007, at 9:00 a.m. Plaintiff Maurizio Antoninetti ("Plaintiff") brings this action against Defendant Chipotle Mexican Grill, Inc. ("Defendant"). Plaintiff seeks injunctive relief under the Americans with Disabilities Act ("ADA") and damages under California Civil Code Sections 51, 51.5, 52, 54, 54.1 and 54.3. Both parties filed motions for summary judgment. The Court granted in part and denied in part both parties' motions. Trial is scheduled to begin on November 27, 2007 at 8:00 a.m. Currently before the Court are five (5) Motions in Limine filed by Plaintiff and five (5) Motions in Limine filed by Defendant. [Doc. Nos. 163, 164, 165, 166, 167, 168, 169, 170, 171, 172.] Both parties have filed Responses in Opposition to the Motions. [ Doc. Nos. 179,

1  180, 181, 182, 183, 186, 187, 188, 189, 190.]  Plaintiff filed his Reply to the Defendant's
2  Responses.  [Doc. Nos. 191, 192, 193, 194, 195, 196, 197.]

### *Background*

Plaintiff is a paraplegic who requires a wheelchair for mobility.  (Prop. Pretrial Order at 1.)  Defendant owns and operates restaurants in Encinitas and San Diego.  (*Id.*)  Defendant's restaurants serve burritos, tacos, and other Mexican cuisine.  (*Id.* at 3.)  In ordering their entrees, customers move along a service line and select various ingredients.  (*Id.*)  Defendant's employees then prepare the entrees in front of customers using the selected ingredients.  (*Id.*)  After customers order their entrees and the employees prepare them, they move down the service line to a cashier counter to pay for their entrees.  (*Id.* at 3.)  The cashier counter is compliant with disabilities regulations.  (*Id.* at 7.)

Defendant's employees prepare the entrees on counters that are approximately 35 inches high.  (*Id.* at 5.)  A wall separates restaurant customers from the food-preparation counters.  (*Id.* at 4-5.)  The wall is 44 inches from the floor.  (*Id.*)  A sneeze guard is attached to the top of the wall by a metal bracket that is approximately 2 inches high.  (*Id.* at 5.)  The view of the food-preparation counters is obstructed to a height of 46 inches from the floor.  (*Id.*)  If a person's eyes are at a height of 51 inches and are 12 inches from the wall at the food service line, the person can see no portion of the food-preparation counter, the ingredients available for selection, or the preparation of their food.  (*Id.*)  If a person's eyes are at a height of 43 inches and are 12 inches from the wall at the food service line, the person can see no portion of the food-preparation counter, the ingredients available for selection, or the preparation of their food.  (*Id.*)  The average eye level of persons in wheelchairs is between 43 and 51 inches.  (*Id.*)  Plaintiff's eye level is 45 inches.  (*Id.* at 8.)  He could not see over the wall obstructing the food-preparation counter.  (*Id.*)

On October 6, 2006, the parties conducted site inspections of Defendants restaurants as part of discovery.  (*Id.* at 5.)  Defendant's employees did not show Plaintiff food items unless he asked to see them.  (*Id.*)  Plaintiff was shown each item he asked to see.  (Id.)  Defendant's

employees showed Plaintiff the items individually by tongfuls, handfuls, and in plastic cups. (*Id.* at 8.)

On February 23, 2007, Defendant implemented a nationwide "Customers with Disabilities" policy ("Policy"). (*Id.* at 12.) The Policy provides that "[a] customer with a disability (for example, a visual or mobility impairment) may benefit from some alternative means of presenting or describing our food." (*Id.*) The policy sets forth several examples of the ways in which Defendant's employees can accommodate individuals with disabilities, such as showing customers samples of foods in cups, giving customers an opportunity to see or sample the food at a table, or describing the food or food-preparation process to customers. (*Id.*) Plaintiff argues that this Policy does not constitute "equivalent facilitation" as provided by the ADA Accessibility Guidelines ("ADAAG").

*Discussion*

**I.    Plaintiff's Motions in Limine**

**A.    Motion in Limine #1**

Plaintiff has filed a Motion in Limine to exclude exhibits and any testimony relating to Defendant's Policy on the grounds that, as a matter of law, the Policy cannot constitute "equivalent facilitation" under the ADAAG. [Doc. No. 168.] Defendant has filed an opposition asserting that Plaintiff's Motion in Limine consists solely of substantive legal arguments regarding the central issue that remains to be decided at trial–whether the Policy is "equivalent facilitation" under Section 7.2(2)(iii) of the ADAAG. [Doc. No. 179 at 2.] Defendant also argues that the arguments that Plaintiff raises in his motion have already been expressly rejected by the court on three occasions and that Plaintiff raises these issues for the sole purpose of harassing Defendant and unnecessarily increasing the costs of the litigation. (*Id.*) Defendant requests that the Court award Defendant the costs and fees incurred in opposing this motion. (*Id.*)

The Court has previously denied Plaintiff's motion to find this issue in his favor at the motion for summary judgment phase and Plaintiff's Motion for Reconsideration. , the pretrial order phase and at the pretrial conference. [*See* Doc. Nos. 129, 147.] The Court has held that

the question of whether Chipotle's Policy provides "equivalent facilitation" under the ADAAG is the ultimate question and best reserved for trial.  Accordingly, the Court **DENIES** Plaintiff's Motion in Limine to exclude exhibits and any testimony relating to Defendant's policy. Additionally, Plaintiff has filed a response to Defendant's request for sanctions asserting that she has filed this motion to preserve the record for appeal. [Doc. No. 191 at 2.]  As such, the Court **DENIES** Defendant's request for the costs and fees associated with opposing this motion.

### B.      Motion in Limine #2

Plaintiff has filed a Motion in Limine to exclude exhibits No. 51 and 92 (Defendant's Training Manual) and any testimony relating to said manual on the grounds that such evidence constitutes inadmissible legal conclusions regarding the requirements set forth by the ADA because they are proffered by lay witnesses.   [Doc. No. 169.]  Defendant argues in opposition that these exhibits will not be offered as proof of the legal requirements of the ADA but rather as evidence of the steps that Defendant has taken to inform its employees of their obligations under the ADA. [Doc. No. 180 at 2.]  Defendant's instructions to its employees are particularly important to the central issue at trial; whether Defendant's Policy is an effective method of accommodating customers with disabilities within the meaning of Sections 2.2 and 7.2(2)(iii) of the ADAAG.  Accordingly, the Court **DENIES** Plaintiff's Motion in Limine to exclude exhibits No. 51 and 92 (Defendant's Training Manual) and any testimony relating to said manual.

### C.      Motion in Limine #3

Plaintiff has filed a Motion in Limine to exclude cumulative witnesses.  [Doc. No. 170.] Plaintiff refers to Defendant's witness list naming "Area Managers," "Operations Directors," "Service Managers," and "Apprentices" as potential witnesses as evidence that Defendant may introduce witnesses whose testimony will all relate to the same issues.  (*Id.* at 2.)  Plaintiff requests that the Court limit Defendant to one witness per issue and strike the following defense witnesses: Phil Petrilli, Matt Scheiman, Tim Spong, Ben Williams, Martiza Arriaga, Jose Rivera, Santiago Gonzales, Erika Ramires, Kevin Kupper, Morgan Anderson, Maria Perez, Rene Saucedo, Claudio Lopez.  (*Id.*)  Defendant responds that Plaintiff's objections to these witnesses are premature because Defendant has not yet determined what evidence it will introduce through


each of its specific witnesses. (Def.'s Opp. to Pl.'s Mot. In Limine #3 at 2.) Defendant also points out that more than one witness may be needed for a particular issue because one witness may not have the requisite personal knowledge for all of the evidence Defendant may seek to introduce about a particular issue. (*Id.*) For these reasons, the Court **DENIES** Plaintiff's Motion in Limine to exclude cumulative witnesses. The Court does permit both parties to object to the use of cumulative witnesses at trial if the need arises.

### D. Motion in Limine #4

Plaintiff has filed a Motion in Limine to exclude Joe Stupp's testimony regarding the 3/15/07 email on the grounds that the email is inadmissible hearsay under Federal Rules of Evidence 801 and 802. [Doc. No. 171.] Defendant has filed a response to Plaintiff's motion asserting that Defendant previously agreed to refrain from calling Mr. Stupp as a witness during a telephonic conference held on Friday, September 28, 2007. Defendant concludes that, as per this previous agreement, Plaintiff's motion is unnecessary. [Doc. No. 182 at 1.] Since the parties have previously agreed to this matter, the Court **GRANTS** Plaintiff's Motion in Limine to exclude Joe Stupp's testimony regarding the 3/15/07 email.

### E. Motion in Limine #5

Plaintiff has filed a Motion in Limine to exclude expert witness testimony regarding applicable laws and regulations on the grounds that such testimony does not fall within the scope of expert testimony admissible under Federal Rule of Evidence 702. [Doc. No. 172.] Plaintiff further notes that the parties have already agreed that they will not offer such expert witness testimony. (*Id.* at 2.) Defendant has filed a response to Plaintiff's motion stating that, as Plaintiff asserts in his motion, the parties have agreed to exclude such expert witness testimony and that Plaintiff's motion is unnecessary. Since the parties have previously agreed to this matter, the Court **GRANTS** Plaintiff's Motion in Limine to exclude expert witness testimony regarding applicable laws and regulations.

## I. Defendant's Motions in Limine

### A. Motion in Limine #1


Defendant has filed a Motion in Limine to exclude evidence and argument regarding Chipotle restaurants not at issue in the Complaint on the grounds that such evidence is irrelevant and unfairly prejudicial under Rules 401, 402 and 403 of the Federal Rules of Evidence. [Doc. No. 163.] Defendant argues that the Complaint only identifies the Chipotle Restaurants at Pacific Beach and Encinitas as the establishments where he was subjected to discrimination or other alleged violations of his rights under state and federal law. (*Id.* at 1.) Defendant asserts that evidence regarding other Chipotle restaurants is not relevant to the issue in this case and "poses a substantial danger of unfair prejudice to Chipotle and confusion of the issues." (*Id.*) Plaintiff counters that the paramount issue in the case is whether Chipotle's policy constitutes equivalent facilitation as provided by ADAAG sec. 2.2 and ADAAG Sec. 7.2(2)(iii). [Doc. No. 186 at 2.] Plaintiff contends that the Court must consider what the "Chipotle experience" is like that of other restaurants in order to determine if the Policy is "equivalent facilitation." (*Id.*) Plaintiff argues that Defendant does not differentiate between the Chipotle experience at various restaurants and considers the Chipotle Policy to be a "national policy" affecting all of its restaurants. (*Id.*) In other words, as a national corporation, the "Chipotle experience" is not unique to individual restaurants. (*Id.* at 3.)

Rule 402 of the Federal Rules of Evidence provides that "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules...[e]vidence which is not relevant is not admissible." Rule 402 Fed. R. Ev. Relevant evidence is defined as "evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Rule 401 Fed. R. Ev. Rule 403 of the Federal Rules of Evidence allow a district court the discretion to exclude relevant evidence "if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, . . ., or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." Rule 403 Fe. R. Ev.

As Plaintiff argues, evidence regarding the "Chipotle experience" is relevant to the issue of whether Chipotle's Policy is "equivalent facilitation" under ADAAG. Because Defendant

does not exclude its Encinitas and Pacific Beach restaurants from its national Policy or its national "Chipotle experience," news clippings and media regarding the Chipotle experience are relevant in this action even if they were not released in reference to the two Chipotle restaurants listed in the Complaint. There is no evidence to suggest that the restaurants identified in the Complaint were not governed by the national corporation's expectation of providing customers with the same "Chipotle experience" it governed for its other restaurants. Additionally, Defendant's claim that evidence of the Chipotle experience at other restaurants will confuse the issue and require Defendant to defend the service offered at its other restaurants is without merit. Defendant will only have to present evidence about the Encinitas and Pacific Beach restaurants compliance with the Policy and the national "Chipotle experience" objective. For the above reasons, the Court **DENIES** Defendant's Motion in Limine to exclude evidence and argument regarding Chipotle restaurants not at issue in the Complaint.

### B.  Motion in Limine #2

Defendant has filed a Motion in Limine to exclude evidence and argument regarding non-witness allegations of disability discrimination on the grounds that such evidence, whether oral or written is inadmissible hearsay. [Doc. No. 164.] Defendant claims that Plaintiff may introduce non-witness complaints such as those contained in Exhibits 1, 4, 6, 56 and 82 of the Proposed Trail Exhibits. (*Id.* at 2.) These complaints are from other wheelchair users and concern the accessibility of Chipotle's restaurants. (*Id.* at 3.) Defendant further argues that none of the alleged customers who made these complaints were identified as witnesses to be called at trial and, as such, evidence of their complaints is inadmissible hearsay under Rules 801 and 802 of the Federal Rules of Evidence. (*Id.*) Defendant also refers to its Motion in Limine to exclude evidence and argument regarding Chipotle restaurants not at issue in the complaints as a basis for excluding any complaints regarding Chipotle restaurants other than Pacific Beach and Encinitas restaurants. (*Id.*) Plaintiff argues in opposition that the complaints that Defendant moves to exclude have already been removed from Proposed Exhibit 6 per agreement of the parties. [Doc. No. 187 at 2.] Plaintiff agrees to remove those documents from Proposed Trial Exhibits 1 and 82 because they are duplicative. (*Id.*) Plaintiff also agrees to remove Proposed

Trial Exhibit 56 from the Amended Exhibit List. (*Id.*) This limits Defendant's Motion in Limine to a request to exclude Proposed Trial Exhibit 4. Plaintiff further argues that the complaints are not hearsay because they are not offered for the truth of the matter asserted but rather as evidence of Chipotle's failure to mention the Policy in response to email complaints. (*Id.*) An out of court statement is not hearsay if it is offered to show the effect on the hearer, reader or viewer rather than to prove the content of the statement, e.g., to show that a party had notice or knowledge; that a party was given a warning or to prove a party's motive, good faith, fear, etc. where such matters are relevant to the case. (*See* Rutter Group Practice Guide, Federal Civil Trial and Evidence, [8:1865, et seq.])

Plaintiff argues that the complaints go to Defendant's credibility regarding the existence of the Policy. (*Id.*) Particularly, Defendant's intent and motive with respect to the existence, implementation, effectiveness and enforcement of the Policy. (*Id.* at 3.) Plaintiff also argues that these complaints are evidence of Defendant's ineffective conduct in response to earlier complaints and the likelihood that the Policy will be effectively enforced in the future. (*Id.* at 3.)

Although Plaintiff would be able to overcome the hearsay bar by offering these complaints as evidence of something other than the truth of the matter asserted, these complaints would remain irrelevant to the issue at hand. There is no evidence that any of these complaints were received by the Encinitas and Pacific Beach restaurants. As stated above, Rule 402 provides that "all relevant evidence is admissible, except as otherwise provided by the Constitution of the United States, by Act of Congress, by these rules...[e]vidence which is not relevant is not admissible." Rule 402 Fed. R. Ev. Here, Plaintiff seeks to introduce evidence that a Chipotle restaurant not identified in the Complaint failed to adequately accommodate its disabled customers as evidence that the restaurants listed in the Complaint is likely to do the same. This evidence is irrelevant and unfairly prejudicial. The response by one Chipotle restaurant to complaints about the restaurant's accessibility could differ drastically from the response another Chipotle restaurant would have to the same complaint. For these reasons, the Court **GRANTS** defendant's Motion in Limine to exclude evidence and argument regarding non-witness allegations of disability discrimination.

### C.     Motions in Limine #3

Defendant has filed a Motion in Limine to exclude Michael Rifkin, James Perkins, and Jean Riker , co-plaintiffs in a related class action against Chipotle pending in this court, as trial witnesses pursuant to Federal Rule 37(c)(1) of the Federal Rules of Civil Procedure and Rules 401, 402, 403 and 602 of the Federal Rules of Evidence. [Doc. No. 166.] Defendant argues that the aforementioned Plaintiffs were never identified as potential witnesses in the present action in Plaintiff's Rule 26(a) disclosures or any other supplements. (*Id.* at 2.) Defendant argues that the failure to disclose these potential witnesses during discovery prevented Defendant from conducting any discovery regarding their potential testimony and allowing the testimony would result in substantial prejudice to defendant. (*Id.*)  Defendant further argues that Plaintiff's witnesses have no firsthand knowledge of either of the restaurants at issue in the case and that the testimony must be excluded under Rules 401, 402, 403 and 602 of the Federal Rules of Evidence.  (*Id.*)

Federal Rule of Civil Procedure 37(c)(1) provides that "a party that without substantial justification fails to disclose information required by Rule 26(a) . . . or to amend a prior response to discovery as required by Rule 26(e)(2), is not, *unless failure is harmless*, permitted to use as evidence at trial . . . any witness or information not so disclosed" (emphasis added).  Rule 37(c)(1) Fed. R. Civ. P.   Rule 37(c)(1) was designed to be self-executing in order to produce a strong incentive for disclosure.  Rule 37 Fed. R. Civ. P., Advisory Comm. Note (1993).

In his response, Plaintiff argues that Defendant was aware of these witnesses because they were disclosed in the related class action.  [Doc. No. 188 at 2.]  Further, the Court consolidated the instant case with the related class action case for discovery purposes on March 20, 2007. (*Id.*)  Because the issues were similar and these cases were consolidated for discovery purposes there is no significant threat of prejudice to Defendant by allowing these witnesses to testify. Further, in his response, Plaintiff suggests that he intends to use these witnesses to impeach Defendant's credibility regarding the implementation and effectiveness of its Policy. [Doc. No. 188 at 3.]  Impeachment witnesses need not be disclosed in pretrial disclosures or, in responses

to other discovery. *See* FRCP 26(a)(1)(A), 26(a)(3). Thus, these witnesses would be admissible even if the failure to list them in Rule 26(a) disclosures was prejudicial.

Defendant's argument that the testimony of these witnesses is irrelevant because they lack personal knowledge of the restaurants identified in the Complaint has merit. As stated above, the response of a Chipotle restaurant not listed in the Complaint to allegations of non-compliance with ADAAG is not necessarily the same response that the Chipotle restaurants listed in the Complaint would have to the same allegations. Accordingly, the Court **GRANTS** Defendant's motion to exclude Michael Rifkin, James Perkins, and Jean Riker on the grounds that their testimony is irrelevant and they have no personal knowledge of the restaurants identified in the Complaint. If the testimony of these witnesses can be limited to the experience at the Chipotle restaurants listed in the Complaint or Plaintiff can show that the restaurants listed in the Complaint were made aware of the allegations of non-compliance addressed to other Chipotle restaurants by these witnesses then the Court **FINDS** that Defendant had notice to obtain depositions of these witnesses and their testimony would not be unfairly harmful to Defendant.

### D. Motion in Limine #4

Defendant has filed a Motion in Limine to exclude any evidence and argument regarding allegations that Defendant's expert witness Kim Blackseth had conflicts of interest or misused his position with the California Building Standards Commission during his service with that agency. [Doc. No. 165.] Defendant argues that any evidence or argument regarding these allegations against Mr. Blackseth must be excluded under Rule 403 on the grounds that its probative value is substantially outweighed by the danger it poses of unfair prejudice, confusion of the issues, and concerns of delay and waste of time. (*Id.* at 2.) Defendant further argues that any extrinsic evidence is inadmissible under Rule 608 of the Federal Rules of Evidence. (*Id.* at 3.) Plaintiff filed an opposition to Defendant's motion asserting that Mr. Blackseth's reputation in the disabled community as a person whose opinions are biased and not credible are admissible pursuant FRE 608(a) and FRE 803(21). Plaintiff is permitted to introduce evidence of bias or improper motivation on the part of an expert witness. Rule 608 does, however, expressly state that specific instances of a witness' conduct that are offered for the purpose of attacking or

supporting the witness' credibility may not be proven by extrinsic evidence.  Rule 608 Fed. R. Ev.  Accordingly, the Court **DENIES** Defendant's Motion in Limine to exclude any evidence and argument regarding allegations that Defendant's expert witness Kim Blackseth had conflicts of interest or misused his position with regards to the reputation evidence and **GRANTS** the motion with regards to specific instances of the alleged misconduct.

### E. Motion in Limine #5

Defendant has filed a Motion in Limine to exclude evidence of press releases and news articles bates labeled DEF RFP 24-0250 through DEF RFP 24-0281 in proposed trial exhibit 16.  Plaintiff has filed a notice of non-opposition to this Motion in Limine.  Accordingly, the Court **GRANTS** Defendant's Motion in Limine to exclude evidence of press releases and news articles bates labeled DEF RFP 24-0250 through DEF 24-0821 in proposed trial exhibit 16.

### *Conclusion and Order*

For the reasons stated above, the Court **GRANTS in part and DENIES in part** the parties' Motions.

**IT IS SO ORDERED.**

DATED:  November 7, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Counsel of Record