1
2
3
4
5
6
7
8
9

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| MAURIZIO ANTONINETTI | Civil No. 05CV1660-J (WMc) |
| Plaintiff, | **AND RELATED CASE NUMBER:** |
| v. | 06CV2671-J (WMc) |
| CHIPOTLE MEXICAN GRILL, INC., | **ORDER:** |
| AND DOES 1 THROUGH 10, inclusive, | |
| | **(1) ADOPTING JOINT PROPOSED LEGAL STANDARDS [DOC. NO. 175];** |
| Defendants. | |
| AND RELATED CASE | **(2) SUMMARILY DISMISSING PLAINTIFF'S SUPPLEMENTAL LEGAL STANDARDS [DOC. NO. 176];** |
| | **(3) ADOPTING IN PART AND DISMISSING IN PART DEFENDANT'S SUPPLEMENTAL LEGAL STANDARDS [DOC. NO. 174].** |

11
12
13
14
15
16
17
18
19
20
21
22

Before the Court are the Joint Proposed Legal Standards, Plaintiff Maurizio Antoninetti's ("Plaintiff") Supplemental Legal Standards, Defendant Chipotle Mexican Grill's ("Defendant") Supplemental Legal Standards, and the parties Responses in Opposition to the Supplemental Legal Standards. Having reviewed the joint legal standards, the supplemental legal standards, and the responses in opposition to the proposed supplemental legal standards; the Court **ADOPTS** the Joint Proposed Legal Standards, **SUMMARILY DISMISSES** Plaintiff's

23
24
25
26
27
28

1

1   Supplemental Legal Standards, and **ADOPTS IN PART AND DISMISSES IN PART**

2   Defendant's Supplemental Legal Standards.

3

4                                    *Background*

5          Plaintiff filed a Complaint on August 22, 2005, alleging various causes of action,

6   including violations of the ADA, the California Unruh Civil Rights Act ("Unruh Act"), and the

7   California Disabled Persons Act ("DPA").  [Doc. No. 1.]  On April 16, 2007, Defendant filed a

8   motion for summary judgment, contending: (1) Plaintiff's claims for injunctive relief under the

9   ADA are moot because Defendant has remedied the alleged architectural barriers; (2)

10  Defendant's food-preparation area and transaction station fully comply with accessibility

11  regulations; and (3) the Court should decline jurisdiction over Plaintiff's state law claims.

12  [*See* Doc. No. 94.]  On April 12, 2007, Plaintiff filed a motion for summary judgment, arguing

13  that (1) the design of Defendant's restaurants violates the ADA Accessibility Guidelines; and (2)

14  the benefits, advantages, and privileges of Defendant's restaurants are not available to persons in

15  wheelchairs.  [*See* Doc. No. 87.]  On June 14, 2007, the Court Granted in Part and Denied in Part

16  both parties Motions for Summary Judgement.  The matter is currently set for trial on November

17  26, 2007 at 9:00a.m.

18         In the trial order, the Court ordered both parties to jointly submit one set of agreed upon

19  legal standards.  [Doc. No. 156 at 2.]  The Court provided that if the parties could not agree upon

20  one complete set of legal standards, they were permitted to submit a supplemental set of

21  standards and objections to the non-agreed upon standards proposed by the other party.  (*Id.*)

22  The Court ordered that all legal standards be short, concise, and neutral statements of law.  (*Id.*)

23  The Court further provided that argumentative standards would not be accepted and should not

24  be submitted.  (*Id.*)  On October 15, 2007, both parties submitted the Joint Proposed Legal

25  Standards and their supplemental legal standards.  [Doc. Nos. 174, 175, 176.]  On that same day,

26  both parties submitted a Response in Opposition to the opposing party's supplemental legal

27  standards.  [Doc. Nos. 177, 178.]

28

*Discussion*

**Proposed Joint Legal Standards**

The parties have jointly submitted twenty-five (25) proposed legal standards.  [Doc. No. 175.]  These standards were submitted pursuant to the Court's instruction in the trial order.  [*See* Doc. No. 156 at 2.]  Accordingly, the Court **SHOULD ADOPT** the parties' Joint Proposed Legal Standards.

**Plaintiff's Supplemental Legal Standards**

Plaintiff has provided the Court with thirty-five (35) supplemental legal standards. [Doc. No. 176.]  Defendant has filed an objection to each of Plaintiff's proposed standards.  [Doc. No. 178.]

Defendant objects to Plaintiff's Supplemental Legal Standards 2.7, 2.9, 3.2, 3.4, 3.6, 3.7, 6.6, 7.2, and 8.1 on the grounds that they are duplicative of the submitted joint proposed standards.  [*See* Doc. No. 178 at 4, 6, 10, 12, 13, 22, 23, 24.]  The Court **FINDS** that, whereas the joint proposed standards are the combined effort of both parties, any supplemental standards that address the same rule of law as the joint proposed standards should be dismissed. Accordingly, the Court **SUMMARILY DISMISSES** Plaintiff's Supplemental Legal Standards 2.7, 2.9, 3.2, 3.4, 3.6, 3.7, 6.6, 7.2, and 8.1.

Defendant objects to Plaintiff's Supplemental Legal Standards 3.14, 3.15, 5.3, 5.4, and 6.8 on the grounds that these standards are irrelevant.  [*See* Doc. No. 178 at 18, 19, 21, 23.] Defendant argues that these proposed standards are only relevant for defenses that Defendant will not raise during trial.  (*Id.*)  Since Defendant will not assert the defenses that invoke these standards, the Court **SUMMARILY DISMISSES** Plaintiff's Supplemental Legal Standards 3.14, 3.15, 5.3, 5.4, and 6.8.

Plaintiff's Supplemental Legal Standards 2.5, 2.11, and 3.12 all cite as support, statements from the House Report on the passage of the ADA.  [*See* Doc. No. 176 at 2, 4, 8.] Defendant argues in opposition that these standards are not statements of law but rather a policy statement derived from the legislative history of the ADA.  [*See* Doc. No. 178 at 2, 7, 16.]  In the Court's trial order, the Parties were ordered to submit legal standards that were short and concise

1   statements of law.  [Doc. No. 156 at 2.]  The Court **FINDS** that these statements from the

2   legislative history of the ADA are not proper legal standards.  As such, the Court

3   **SUMMARILY DISMISSES** Plaintiff's Supplemental Legal Standards 2.5, 2.11, and 3.12.

4        Defendant objects to Plaintiff's Supplemental Legal Standards 3.8, 3.13, 6.7, and 8.2 on

5   the grounds that these standards are incorrectly applied fact-based findings from specific cases.

6   [Doc. No. 178 at 13, 18, 22, 24.]  Following is a brief discussion of each standard.

7        Plaintiff's Supplemental Legal Standard 3.8 provides that: for "equivalent facilitation" to

8   be found, the benefits of a public accommodation must be provided in the most integrated setting

9   appropriate to the needs of the individual.  [Doc. No. 176 at 7.]  Plaintiff cites *Caruso v.*

10  *Blockbuster*, 193 F.3d 730, 739 (3rd Cir. 1999), citing 42 U.S.C. §§ 12182(b) (1)(A)(iii) as

11  support.  (*Id.*)  The court's finding in *Caruso* was specific to the unique facts of that case.  The

12  defendant in Caruso was accused of failing to design a portion of its facility so as to allow

13  wheelchair users to enter and exit that portion of its facility.  Defendant's accommodations with

14  regards to the entrance and exit of wheelchair users are no longer issues in this matter.  [*See*

15  Order on Mot. for Summ. Judgment.]  Accordingly, the Court **DISMISSES** Plaintiff's

16  Supplemental Legal Standard 3.8.

17       Plaintiff Supplemental Legal Standard 3.13 provides that: persons with disabilities are not

18  required to request an operational solution ("equivalent facilitation") because they may not know

19  that accommodations are available and they may be hesitant to request special accommodations

20  or to "make a fuss."  [Doc. No. 176 at 9.]  Standard 3.13 also provides that: an ADA plaintiff

21  alleging inadequate access to a facility is not required to have "formally" requested to use the

22  facility.  (*Id.*)  Plaintiff cites *Independent Living Resources v. Oregon Arena*, 982 F. Supp. 698,

23  764 (D. Or. 1997), and *Schonfeld v. City of Carlsbad*, 978 F. Supp. 1329, 1332 (S.D. Cal. 1997),

24  as support.  (*Id.*)  Defendant argues that the purported standard misstates the law.  [Doc. No.

25  178 at 18.]  *Independent Living Resources* did not stand for the proposition that a person with

26  disabilities can never be required to request an accommodation as "equivalent facilitation."

27  *Independent Living Resources*, 982 F. Supp. at 764.  Instead it held that one particular policy that

28  required that the defendant be notified 48 hours in advance of the arrival of a disabled person in

1  order to allow the defendant time in which to accommodate that person did not meet the

2  requirements of "equivalent facilitation." (*Id.*)    Additionally, Defendant argues that *Schonfeld*

3  did not even address the issue of "equivalent facilitation." [Doc. No. 178 at 18.]  *Schonfeld*

4  concerned whether a plaintiff had standing to sue under the ADA.  *Schonfeld*, 978 F. Supp. at

5  1332.  Thus, the Plaintiff has not cited any relevant support for its Supplemental Legal Standard

6  3.13.  As such, the Court **DISMISSES** Plaintiff's Supplemental Legal Standard 3.13.

7        Plaintiff's Supplemental Legal Standard 6.7 provides that: visiting a fast food restaurant,

8  as opposed to a hotel or professional office, is not the sort of event that requires advance

9  planning or the need for a reservation. [Doc. No. 176 at 11.]  The Standard also provides that

10  fast food restaurants do not take reservations and, as a result, specification as to a date and time

11  of returning to this public accommodation is impossible due to the nature of the event.  (*Id.*)

12  Plaintiff cites *Parr v. L&L Drive-Inn*, 96 F. Supp. 2d (D. Haw. 2000), as support.  (*Id.*)

13  Defendant objects on the grounds that this standard misstates the law with respect to the

14  requirements for showing the likelihood of future harm.  [Doc. No. 178 at 22.] Defendant asserts

15  that *Parr* addresses whether a plaintiff had standing to sue under Article III of the United States

16  Constitution.  The Court **FINDS** that the portion cited by Plaintiff does refer to standing and

17  does not establish the requirements for injunctive relief.  As such, the Court **DISMISSES**

18  Plaintiff's Supplemental Legal Standard 6.7.

19        Plaintiff's Supplemental Legal Standard 8.2 provides that:  defendant will fail to meet its

20  heavy burden of demonstrating mootness where it has maintained throughout years of litigation

21  that it is not required to take the requested action.  [Doc. No. 176 at 12.] Plaintiff cites *Porter v.*

22  *Bowen*, 496 F.3d 1009 (9th Cir.), as support for this legal standard.  Defendant argues that

23  *Porter* actually stands for the proposition that mootness is a heavy burden and that the defendant

24  in that action was unable to meet that burden through the evidence it had presented.  [Doc. No.

25  178 at 24.]  The Court **FINDS** that the facts of the instant case are not sufficiently similar to

26  *Porter* to accept it's finding as a legal standard.  Accordingly, the Court **DISMISSES** Plaintiff's

27  Supplemental Legal Standard 8.2.

28

1       Defendant objects to Plaintiff's Supplemental Legal Standard 5.2 on the grounds that

2 Plaintiff truncates the statute and that the standards for injunctive relief under California Civil

3 Code § 54.1(a) are better set forth under Defendant's Supplemental Legal Standard 5.1. [Doc.

4 No. 178 at 20.]  Plaintiff argues in response that the final two elements of Defendant's

5 supplemental standard, that (1) Plaintiff was harmed and (2) Defendant's behavior was a

6 substantial factor in causing Plaintiff's harm, contain language that is not a part of the statute.

7 [Doc. No. 177 at 6.]  Plaintiff is correct in its assertion that the text of the Civil Code does not

8 include this language.[1]  Additionally, Defendant does not cite case support for these elements

9 and the Court has been unable to find any.  Since both parties disagree about the appropriate way

10 to abbreviate the statute, the Court **ADOPTS** the entire text of the statute as the legal standard

11 for this issue.  Accordingly, the Court **DISMISSES** Plaintiff's Supplemental Legal Standard 5.2

12 and Defendant's Supplemental Legal Standard 5.1.

13       **Defendant's Supplemental Legal Standards**

14       Plaintiff objects to Defendant's Supplemental Legal Standards 2.4 and 3.2 on the

15 grounds that the ADAAG 7.2(2) does not apply to the filed Complaint.  [Doc. No. 177 at 1-6.]

16 The Court has already held that the primary issue remaining for trial is whether a policy can

17 constitute equivalent facilitation under ADAAG 7.2(2).  [*See* Order on Mot. for Summ.

18 Judgment.]  Accordingly, the Court **ADOPTS** Defendant's Supplemental Legal Standards 2.4

19 and 3.2.  Additionally, Defendant has already requested sanctions against Plaintiff for continuing

20 to file motions regarding the applicability ADAAG 7.2(2) and other issues that were dismissed

21 during at the summary judgment phase. [*See* Doc. No. 194 at 2.]  Plaintiff is advised that the

22

23      [1]California Civil Code Section 54.1(a) reads in its entirety: Individuals with disabilities

24 shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and

25 physician's offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation

26 (whether private, public, franchised, licenses, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public

27 accommodation, amusement, or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation,

28 and applicable alike to all persons. Cal. Civ. Code § 54.1(a).

05CV1660 J (WMc)

1  Court has ruled on the applicability of the specific portions of the ADAAG as well as which

2  issues are remaining for trial.  [*See* Order on Mot. for Summ. Judgment.]  Plaintiff has

3  adequately preserved the record for appeal with regards to the Court's ruling.  Plaintiff is advised

4  that if he continues to file motions regarding issues that have already been dismissed from this

5  action and the nonapplicability of ADAAG 7.2(2), he is subject to sanctions.

6      Plaintiff objects to Defendant's Supplemental Legal Standard 6.3.1 on the grounds that

7  Defendant's cited support does not apply.  [Doc. No. 177 at 7.]  Defendant cites *Molski v.*

8  *Mandarin Touch Restaurant*, 385 F. Supp. 2d 1042, 1045(C.D. Cal. 2005), in support of it's

9  supplemental legal standard provision regarding the factors for injunctive relief.  [Doc. No. at 3.]

10  Plaintiff argues that *Molski* refers to a sit down restaurant which operates differently from fast

11  food restaurants.  [Doc. No. 177 at 7.]  Plaintiff requests that the Court adopt his supplemental

12  legal standards  7.5 and 7.6.  (*Id.*)  Plaintiff has not included these supplemental legal standards

13  in its document.  [*See* Doc. No. 176.]  However, the Court **FINDS** that there are sufficient

14  similarities between fast food restaurants and sit-down restaurants for *Molski* to provide the

15  correct standards for injunctive relief.  Accordingly, the Court **ADOPTS** Defendant's

16  Supplemental Legal Standard 6.3.1.

17      Plaintiff has no objection to Defendant's Supplemental Legal Standard 6.6.  Accordingly,

18  the Could **ADOPTS** Defendant's Supplemental Legal Standard 6.6.

19      Plaintiff objects to Defendant's Supplemental Legal Standards 8.1 and 8.2 on the

20  grounds that these standards should be read in conjunction with Plaintiff's Supplemental 8.1 and

21  8.2.  [Doc. No. 177 at 9.]  As discussed above Plaintiff's Supplemental Standard 8.1 is

22  duplicative of the parties' joint proposed standard 1.1 which sets out the burden of proof for

23  affirmative defenses such as mootness.  Additionally, Plaintiff's Supplemental Legal Standard

24  8.2 is argumentative and misstates the holding in the case cited as support.  Accordingly, the

25  ///

26  ///

27  ///

28  ///

Court **DENIES** Plaintiff's request and **ADOPTS** Defendant's Supplemental Legal Standards 8.1 and 8.2.

### *Conclusion*

The Court **ADOPTS** the Joint Proposed Legal Standards, **SUMMARILY DISMISSES** Plaintiff's Supplemental Legal Standards, and **ADOPTS IN PART AND DISMISSES IN PART** Defendant's Supplemental Legal Standards.

**IT IS SO ORDERED.**

DATED:  November 19, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge McCurine
     All Parties of Record