1
2
3
4
5
6
7
8
9
10
11

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

12
13
14
15
16
17

| | |
|---|---|
| MAURIZIO ANTONINETTI, ) | Civil Case No. 05cv1660 J (WMc) |
| Plaintiff, ) | |
| v. ) | **ORDER DENYING PLAINTIFF'S MOTION TO AMEND FINDINGS OF FACT AND FOR ADDITIONAL FINDINGS.** |
| CHIPOTLE MEXICAN GRILL, INC. and ) DOES 1 THROUGH 10, Inclusive, ) | |
| Defendants. ) | |

18
19
20
21
22

    Before the Court is Plaintiff Maurizio Antoninetti's ("Plaintiff") Motion to Amend Findings of Fact and for Additional Findings of Fact ("Motion") pursuant to Federal Rules of Civil Procedure, Rule 52(b).  For the reasons set forth below, the Court **DENIES** Plaintiff's Motion.

23

### *Background*

24
25
26
27
28

    On August 22, 2005, Plaintiff, who is wheelchair bound, brought the above-captioned action against Defendant Chipotle Mexican Grill, Inc.  ("Defendant" or "Chipotle") under Title III of the Americans with Disabilities Act ("ADA") and under the California Disabled Persons Act ("CDPA").  [Doc. No. 1.]  Plaintiff claimed that Defendant denied him full and equal access to two of its restaurants, one in Encinitas and the other in Pacific Beach.  (*Id.*)  Plaintiff claimed

that he was denied the Chipotle experience because the 44 inch food preparation counters obstructed his view.  (*Id.*)

On November 27, 29, 30 and December 3, the Court held a bench trial.  In its Findings of Fact, Conclusions of Law, and Judgment, the Court found that: (1) Defendant's prior practice of accommodating customers with disabilities, including customers in wheelchairs, did not constitute equivalent facilitation under Section 7.2(2)(iii) of the ADAAG; (2) Defendant's current written Customers with Disabilities Policy constitutes equivalent facilitation under Section 7.2(2)(iii) of the ADAAG; (3) Plaintiff is not entitled to an injunction requiring Defendant to lower the wall in front of the Restaurants' food preparation counters; and (4) Plaintiff is entitled to a total of $5000.00 in damages for the occasions on which he encountered barriers to his entrance into Defendant's restaurants.  [Doc. No. 229 at 2-3.]

On January 22, 2008, Plaintiff filed a Motion to Amend Findings of Fact and for Additional Findings of Fact.  [Doc. No. 230.]  On February 25, 2008, Defendant filed its Opposition to Plaintiff's Motion.  [Doc. No. 236.]  On March 3, 2008, Plaintiff filed its Reply to Defendant's Opposition.  [Doc. No. 237.]

### *Legal Standard*

Rule 52(b) of the Federal Rules of Civil Procedure states the applicable standard for a party to amend a court's findings of fact: "On a party's motion filed no later than 10 days after entry of judgment, the court may amend its findings- or make additional findings- and may amend the judgment accordingly."  Fed. R. Civ. P. 52(b).

One of the purposes of Rule 52(b) is to provide the court an opportunity to correct manifest errors of law or fact.  *Pro Edge L.P. v. Gue*, 377 F.Supp.2d 694, 698 (N.D. Iowa 2005); *Padilla v. Miller*, 143 F.Supp.2d 479, 487 (M.D. Pa. 2001) ("To prevail on a motion to amend ... the movant must show that the motion is necessary to correct manifest errors of law or fact."). Other recognized grounds for a motion under Rule 52(b) are where a party seeks to amend a judgement based on new evidence not available at trial or where there has been a change in the controlling law.  *Fontenot v. Mesa Petroleum Co.*, 791 F.2d 1207, 1291-1220 (5th Cir. 1986); *Diebitz v. Arreola*, 834 F.Supp.298, 302 (E.D. Wis. 1993).

However, Rule 52(b) is "not intended to serve as a vehicle for rehearing." *Davis v. Mathews*, 450 F.Supp.308, 318 (E.D. Cal. 1978). A party may not use a Rule 52(b) motion to introduce any new facts or legal theories that were available to them at trial, much less re-litigate facts and legal theories that have previously been rejected by the court. *Fontenot*, 791 F.2d at 1291-1220; *Diebitz*, 834 F.Supp. at 302.

The court's findings of fact and conclusions of law are entitled to a presumption of validity, and the party seeking to amend those findings bears the heavy burden of establishing a sufficiently serious factual or legal error that would warrant such. *U.S. v. Anderson*, 591 F.Supp. 1, 4 (E.D. Wash. 1982), *aff'd in part, rev'd in part on other grounds* (*citing Purer & Co. v. Aktiebolaget Addo*, 410 F.2d 871, 878 (9th Cir. 1969)); *Wallace v. Brown*, 485 F.Supp. 77, 79 (S.D.N.Y. 1979). Furthermore, a motion to amend a court's factual and legal findings is properly denied where the proposed additional facts would not affect the outcome of the case or are immaterial to the court's conclusions. *Weyerhaeuser Co. V. Atropos Island*, 777 F.2d 1344, 1352 (9th Cir. 1985); *Lyons v. Jefferson Bank & Trust*, 793 F.Supp. 989, 991 (D. Colo. 1992), *aff'd in part, rev'd in part on other grounds*, 994 F.2d 716 (10th Cir. 1993).

### Discussion

Plaintiff argues that "to determine whether Chipotle's methods of accomodation provide equivalent facilitation, and to determine the nature of the required remedy, the "Chipotle Experience" must first be adequately and accurately defined." [Doc. No. 230 at 2.] Specifically, he argues that the Court should include additional findings of fact relating to the "Chipotle experience" for standing customers who can see over the wall, the methods of accommodation for people in wheelchairs, Plaintiff's experience at Chipotle, his litigation history, Chipotle's written Customers With Disabilities Policy, and the menu board. (*Id*. at 3-12.)

Plaintiff has failed to establish any factual or legal grounds for his motion to amend under 52(b). As stated above, amendment under 52(b) requires a showing of manifest error of law or fact in the Court's judgment, new evidence not available at trial, a change in the controlling law, or additional facts that would affect the outcome of the case. *E.g.*, *Pro Edge*, 377 F.Supp.2d

05cv1660 J (WMc)

694, 698; *Fontenot*, 791 F.2d 1207, 1291-1220; *Anderson*, 591 F.Supp. 1, 4; *Weyerhaeuser*, 777 F.2d 1344, 1352.   Plaintiff has failed to make any of these showings.

**I.  Absence of Manifest Error of Law or Fact in the Court's Judgment**

Plaintiff argues that the Court must include his proposed additional findings of fact regarding the "Chipotle experience" for standing customers who can see over the wall.  [Doc. No. 230 at 3-6.]  With respect to this argument, Plaintiff has failed to identify any manifest error in the Court's findings.  Plaintiff wishes to elaborate on the ability of standing customers to determine, for example, whether the chicken is in chunks or strips, whether or not the barbacoa is dry, and whether or not the bins are empty or recently replenished.  (*Id.*)  In its Findings of Facts and Conclusions of Law, the Court made the specific finding that "Chipotle provides specific details for the appearance of its food" and that "[c]ustomers can actually see if the rice is bright white or has freshly chopped cilantro in it."  [Doc. No. 229 at 3.]  The Court also found that "[s]ome people are visual eaters and if the food looks good, they will want to eat it."  (*Id.* at 11.)  Most importantly, though, the Court described the elements that Plaintiff now attempts to elaborate on in great detail as being part of the "Chipotle experience," yet found that "the ability to see the freshness of the quality ingredients ... has always been of secondary importance to the appearance and taste of the food."  (*Id.* at 3.)  Plaintiff has not identified any error in these factual findings.  Instead, Plaintiff merely attempts to include additional facts that are not inconsistent with what the Court already found.  This is insufficient to show manifest error.

Plaintiff's argument that the Court must include his proposed additional findings of fact regarding the methods of accommodation for people in wheelchairs again fails to identify any manifest error in the Court's findings.  [Doc. No. 230 at 6.]  Plaintiff claims that Chipotle's methods of accommodation deny people in wheelchairs the opportunity to be served as quickly as standing customers.  (*Id.*)  Plaintiff wishes to include findings that some customers are able to proceed through the line in one minute or less, that it takes a customer an average of two minutes to proceed through, and that it took Plaintiff three minutes to proceed through.  (*Id.* at 6-7.)  Plaintiff's proposed findings are unnecessary, however, because the Court already included the latter two findings in its Findings of Fact.  [Doc. No. 229 at 14.]  The first proposed finding, that

05cv1660 J (WMc)

1   some customers can be served in one minute or less, is implicitly included in the finding about

2   average times.  (*Id.*)  Furthermore, Plaintiff fails to establish that the length of time needed to

3   proceed through the line is in direct correlation with whether a person has a disability.  Indeed,

4   the Court found that many able-bodied customers can take up to ten minutes to proceed through

5   the line, substantially longer than the average of two minutes.  (*Id.*)  With this finding in mind, it

6   is apparent that Plaintiff has failed to show any manifest error.

7        Plaintiff also argues that the Court failed to include evidence critical to Mr. Antoninetti's

8   experience at Chipotle during the site inspections of October 6, 2006, such as the fact that he

9   was not advised of available accommodations, he was not shown food items until he asked to see

10  them, and he did not know how much of each food item went into his burrito.  [Doc. No. 230 at

11  8-10.]  Again, Plaintiff's argument fails to establish any manifest error of law or fact.  The Court

12  found that Chipotle created and implemented its written Policy for Customers With Disabilities

13  in February of 2007, after Plaintiff's experiences at either restaurant as a bona fide customer.

14  The Court indeed found that it could not with any confidence find that Plaintiff had received

15  equivalent facilitation during his bona fide visits, and found in favor of Plaintiff for those visits.

16  [Doc. No. 229 at 31-32.]   However, the Court also found that "Plaintiff [was] not entitled to

17  recover damages in connection with his visit to the Pacific Beach Restaurant three days before

18  his deposition or in connection with site-inspection visits to the two Restaurants, because, in

19  each instance, he was not a bona fide customer ... []"  (*Id.*)  Hence, Plaintiff's proposed

20  additional findings regarding his experience during the site inspections are irrelevant and do not

21  establish manifest error in the Court's findings concerning Chipotle's written policy.

22        Finally, Plaintiff fails to establish any manifest error of law or fact with respect to his

23  proposed additional findings about Plaintiff's litigation history.  [Doc. No. 230 at 12.]  The

24  Court found that Plaintiff has personally sued at least twenty-two establishments or businesses

25  for alleged accessibility violations.  [Doc. No. 229 at 4.]  Plaintiff argues that he has filed suit

26  against only six different sites.  [Doc. No. 230 at 12.]  To arrive at this number, Plaintiff is

27  counting eighteen different stores at Oceanside Mall as one site.  Plaintiff's proposed finding of

28  fact is misleading, and is not inconsistent with the Court's findings.  The Court found that "[a]s a

result of his visit to Oceanside Mall, Plaintiff agreed to be, and in fact became, a plaintiff in accessibility lawsuits ... against at least eighteen separate businesses that had stores at Oceanside Mall." [Doc. No. 229 at 5.]  Plaintiff has not demonstrated any manifest error in these findings of fact.

**II.  Absence of New Evidence not Available at Trial or a Change in the Controlling Law.**

In his Motion to Amend, Plaintiff has failed to introduce either new evidence that was not available at trial or a change in the controlling law that would justify his proposed amendments. In his proffer, Plaintiff actually cites exclusively to the trial transcripts and exhibits in this case, showing that all of the evidence upon which Plaintiff relies was available and was presented at trial.  Moreover, Plaintiff has not cited any new controlling case law that would affect the Court's decision.  Motions to amend a court's factual and legal findings may not be used to re-litigate arguments that have already been presented to the Court.  *Davis v. Mathews*, 450 F.Supp. at 318; *Fontenot*, 791 F.2d at 1291-1220; *Diebitz*, 834 F.Supp. at 302.  The Court evaluated and reached a concise conclusion on all matters brought forth at trial, and its order reflects that. Plaintiff's motion, if granted, would just render the order repetitive.

**III.  Ineffectiveness of Plaintiff's Proposed Additional Facts.**

A motion to amend a district court's factual and legal findings is properly denied where the facts that the moving party seeks to add would not affect the outcome of the case or are immaterial to the court's conclusions.  *Weyerhaeuser Co.*, 777 F.2d at 1352.  None of the facts Plaintiff proposes to add would affect the outcome of the case, and furthermore, most of them are immaterial to the Court's conclusions.

Plaintiff argues for the inclusion of facts pertaining to the Chipotle experience for customers who can see over the wall, such as their ability to look at all the bins and ingredients, determine which items are more visually appealing or fresh, and watch the burrito being built. [Doc. No. 230 at 3-6.]  These proposed additional findings would not affect the outcome of the case because they do not take into account Chipotle's written accommodations for disabled customers and non-disabled customers who cannot see over the wall.  The Court found that Chipotle's written policy "describes at least three accommodations ... which provide substan-

1  tially equal access to Chipotle facilities." [Doc. No. 229 at 32.]   These accommodations

2  include, but are not limited to, placing samples of food in souffle cups and showing them to the

3  customer, allowing a customer to see or sample the food at a table, and describing the food or

4  food preparation process to the customer.  (*Id*. at 21.)  As such, Plaintiff's proposed findings of

5  fact regarding the experience for standing customers would have no bearing on the Court's

6  finding that Chipotle's written accommodations provide disabled and non-disabled customers

7  who cannot see over the wall with a substantially similar opportunity to enjoy the Chipotle

8  experience.  (*Id.* at 32.)

9       Moreover, Plaintiff's proposed additional findings regarding the amount of time it takes

10  to serve its customers would have no affect on the outcome of the case.  Plaintiff moves to

11  include the fact that a standing customer can go through the line in one minute or less, that

12  Chipotle employees determined that the average amount of time to serve customers is two

13  minutes, and that it took three minutes for Plaintiff to be able to see the food ingredients

14  available for selection, not including the time it took for him to watch his burrito being assem-

15  bled. [Doc. No. 30 at 6-7.]  As outlined above, the Court has already included Plaintiff's

16  proposed additional findings about the average length of time it takes for a customer to proceed

17  through the line as well as the length of time it took Plaintiff to proceed through.  [Doc. No. 229

18  at 28.]  Again, the fact that it takes some customers one minute to proceed through the line is

19  implicit in the finding that the average time is two minutes.  (*Id.*)   Accordingly, such additional

20  facts would have no effect on the outcome of the case.

21       Plaintiff's proposed additional findings of fact regarding the menu board would also have

22  no affect on the outcome of the case.  [Doc. No. 230 at 8.]  Plaintiff argues that the Court must

23  include the fact that "simply looking at the menu board does not offer the Chipotle Experience,"

24  because the menu board itself does not allow a person to see, for example,  the freshness of

25  ingredients, or to determine whether a mistake has been made.  (*Id.*)  The Court expressly found

26  that "the ability to see the freshness of the quality of ingredients ... has always been of secondary

27  importance to the appearance and taste of the food once it has been prepared and served to the

28  customer." [Doc. No. 229 at 3.] Furthermore, the Court did not rely on any assumption that the

1    menu board provided such information in reaching its conclusion that Chipotle's written policy

2    provides customers with disabilities with equivalent facilitation.  Therefore, Plaintiff's proposed

3    findings of fact are irrelevant and would have no effect on the outcome of the case.

4           Plaintiff's argument that the Court should include additional findings regarding

5    Chipotle's written Policy for Customers With Disabilities is equally without merit.  [Doc. No.

6    230 at 10-11.]  In its findings, the Court dismissed Chipotle's general policy as insufficient but

7    determined that the written policy guidelines rendered equivalent facilitation because they

8    provided disabled customers with substantially equal or greater access to Chipotle's facilities.

9    [Doc. No. 229 at 32.]  The written policy provides that Chipotle "will offer a suitable accommo-

10   dation based on the individual circumstances, and will be responsive to customer's requests."

11   (*Id.* at 21.)  Plaintiff alleges deficiencies with Chipotle's written policy, namely, that it is

12   defective and inadequate because not all methods of accommodation are listed and because

13   employees are allowed to use their common sense in devising accommodations.  [Doc. No. 230

14   at 10-11.]  The absence of a list of every possible accommodation does not render the written

15   policy ineffective, particularly because accommodations differ drastically depending on the

16   specific disability or the disabled person's needs and desires.  [Doc. No. 229 at 32-33.]  If

17   accepted, Plaintiff's request would limit Chipotle's methods of accommodation by requiring

18   Chipotle to abide by a specific set written in policy form as opposed to providing general

19   guidelines but allowing employees to use their best judgment and listen to disabled customers'

20   accommodation requests.  Since the language of the order explicitly considered the multitude of

21   options available to Chipotle employees in accommodating disabled persons, none of Plaintiff's

22   proposed additional findings relating to the written policy would change the outcome of the

23   Court's findings.

24          Plaintiff's proposed additional findings of fact regarding his experiences also would have

25   no impact on the outcome of the case.  Plaintiff moves to include evidence that he was not

26   advised of available accommodations, he was not shown food items until he asked to see them,

27   and he did not know how much of each food item went into his burrito.  [Doc. No. 230 at 8-10.]

28   As explained above, the Court has already found that Plaintiff did not visit the restaurants as a

1   bona fide customer when Chipotle's written Customers With Disabilities Policy was imple-

2   mented. [Doc. No. 229 at 34.] Accordingly, Plaintiff's experiences prior to that have no bearing

3   on the Court's findings about the policy.

4        Finally, Plaintiff's proposed additional factual findings regarding his litigation history,

5   outlined above, would not affect the outcome of the case. The central issue in the case was

6   whether Plaintiff was denied full and equal access to two of Chipotle's restaurants. [Doc. No.

7   229 at 1.] The Court has already determined that Chipotle's policy prior to the implementation

8   of the written policy did not constitute equivalent facilitation, but that Chipotle's written policy

9   did constitute such. [Doc. No. 229 at 32.] Neither the Court's finding that Chipotle's written

10  disability policy is an equivalent facilitation, nor its award of damages for Plaintiff's visits to the

11  restaurants prior to the creation of the policy was dependent upon Plaintiff's litigation history.

12       The Court only considered Plaintiff's litigation history in determining whether injunctive

13  relief was appropriate, an element of which is irreparable injury. [Doc. No. 229 at 34-35.] The

14  Court found that Plaintiff failed to satisfy his evidentiary burden for his requested injunctive

15  relief, because he could not show that he had a sincere intent to return. (*Id.* at 35). The Court

16  found that "Plaintiff has sued over twenty business entities for alleged accessibility violations,

17  and in all (but one) of those cases, he never returned to the establishment he sued after settling

18  the case and obtaining a cash payment." (*Id.* at 36). The Court specifically found that eighteen

19  of those lawsuits were filed after a one-day visit to a mall in Oceanside, rendering Plaintiff's

20  argument that he filed suit against only six sites not only misleading, but irrelevant, given the

21  Court's discussion of the specifics. (*Id.*) The Court additionally considered, in determining

22  whether Plaintiff has a sincere intent to return to Chipotle, the fact that Plaintiff only visited the

23  Encinitas Restaurant once, three years ago (disregarding his site inspection for the purposes of

24  litigation), and that Plaintiff only visited the Pacific Beach Restaurant once in February 2005,

25  and twice, for purposes of litigation, in October 2006. (*Id.* at 35-36). Aside from those visits,

26  Plaintiff was unable to recall the dates or even the exact number of his other visits to the Pacific

27  Beach Restaurant, other than that they all occurred after he filed this lawsuit. (*Id.* at 36). The

28  Court carefully considered the full details of Plaintiff's litigation history as well as the details of

his Restaurant visits in this case, in reaching its conclusion that Plaintiff does not have a sincere intent to return to Chipotle.  Accordingly, Plaintiff's proposed findings do not merit amendment to the Court's Findings of Fact and Conclusions of Law.

### Conclusion

For the foregoing reasons, the Court **DENIES** Plaintiff's Motion to Amend Findings of Fact and for Additional Findings of Fact.

**IT IS SO ORDERED**.

DATED:  April 21, 2008

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: Magistrate Judge William McCurine
     All Counsel of Record

10

05cv1660 J (WMc)