# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI, <br><br>               Plaintiff, <br><br>v. <br><br>CHIPOTLE MEXICAN GRILL, INC., AND DOES 1 THROUGH 10, inclusive, <br><br>               Defendants. | Civil No. 05CV1660-J (WMc) <br><br> Related to & Consolidated for Discovery with 06cv2671 (Wmc) <br><br> **ORDER GRANTING DEFENDANT'S AMENDED MOTION TO STAY [DOC. NO. 295]** |

Before the Court is Defendant Chipotle Mexican Grill, Inc.'s amended motion to stay proceedings to enforce this Court's order awarding attorney's fees to Plaintiff Maurizio Antoninetti pending the outcome of Defendant's cross-appeal. [Doc. No. 295.] For the reasons set forth below, the Court **GRANTS** Defendant's Motion.

## *Background*

Plaintiff Maurizio Antoninetti initiated this action against Defendant Chipotle Mexican Grill, Inc. in 2005 alleging various violations of the Americans with Disabilities Act (ADA) and the California Disabled Persons Act (CDPA). Plaintiff asserted that architectural barriers denied Plaintiff full and equal access to two of Defendant's restaurants and sought monetary damages, injunctive relief, and declaratory relief. This Court held a bench trial in this action November 27-December 3, 2007. At trial, the Court made the following findings: (1) Defendant's prior

1 practice of accommodating customers with disabilities, including customers in wheelchairs, did
2 not constitute equivalent facilitation under section 7.2.(2)(iii) of the ADA Accessibility
3 Guidelines; (2) Defendant's current written Customers with Disabilities Policy constitutes
4 equivalent facilitation under Section 7.2(2)(iii); (3) Plaintiff is not entitled to an injunction
5 requiring Defendant to lower the wall in front of the restaurants' food preparation counters; and
6 (4) Plaintiff is entitled to a total of $5,000.00 in damages for the occasions on which he
7 encountered barriers to his entrance into Defendant's restaurants.

8 On May 5, 2008 Plaintiff filed a Motion for Attorney's Fees and Costs pursuant to 42
9 U.S.C. § 12205 in which he sought $550,651.33 in fees and expenses. [Doc. No. 241.]  The
10 Court granted Plaintiff's Motion for Attorney's Fees and Costs in part, finding that Plaintiff was
11 entitled to reasonable attorneys' fees for time spent litigating the issues upon which Plaintiff
12 prevailed at trial–those related to equal facilitation under the unwritten customer policy and
13 damages for violations of California Civil Code Sections 54 and 54.3–as well as for time spent
14 litigating issues that were necessarily intertwined with those issues–namely, the issues regarding
15 Defendant's parking lot violations and any related ADA claims. [Doc. No. 271.]  The Court
16 further ordered Plaintiff to "submit a copy of his Bill of Costs so the Court may determine a
17 reasonable amount for attorneys' fees." (*Id.*)  On February 6, 2009, the Court awarded Plaintiff
18 attorney's fees in the amount of $136,537.83. [Doc. No. 288.]

19 On March 2, 2009, Plaintiff filed a Notice of Appeal. [Doc. No. 289.] On March 16,
20 2009, Defendant filed a Notice of Cross Appeal. [Doc. No. 294.] Defendant filed the present
21 Amended Motion to Stay on March 17, 2009. [Doc. No. 295.] Plaintiff subsequently filed a
22 Notice of Non-Opposition to Defendant's Motion to Stay. [Doc. No. 298.]

### *Legal Standard*

24 Federal Rule of Civil Procedure 62(d) ("Rule 62(d)") allows for a stay of the execution of
25 a final judgment pending appeal when the moving party posts a supersedeas bond.  Rule 62(d)
26 states, in relevant part: "If an appeal is taken, the appellant may obtain a stay by supersedeas
27 bond. . . . The bond may be given upon or after filing the notice of appeal or after obtaining the
28

order allowing the appeal.  The stay takes effect when the court approves the bond."  FED. R. CIV. P. 62(d).

Pursuant to this Rule, "[d]istrict courts have inherent discretionary authority in setting supersedeas bonds." *Rachel v. Banana Republic, Inc.*, 831 F.2d 1503, 1505 n.1 (9th Cir. 1987). This includes "discretion to allow other forms of judgment guarantee," *Int'l Telemeter, Corp. v. Hamlin Int'l Corp.*, 754 F.2d 1492, 1495 (9th Cir. 1985), and "broad discretionary power to waive the bond requirement if it sees fit." *Townsend v. Holman Consulting Corp.*, 881 F.2d 788, 796-97 (9th Cir. 1989).  However, the standard practice of district courts is to require that "the supersedeas bond be a surety bond, and that it be for the full amount of the judgment plus interest, costs, and an estimate of any damages attributed to the delay."  12 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 62.03 (Matthew Bender 3d ed. 2004).  The Ninth Circuit has also approved of imposing a bond that represents the full amount of the judgment:  "The purpose of a supersedeas bond is to secure the appellees from a loss resulting from the stay of execution and a full supersedeas bond should therefore be required."  *Rachel*, 831 F.2d at 1505 n.1.

Where a party wishes to post a bond in an amount less than the full judgment, the burden is on the moving party to show reasons for the departure from the normal practice.  *Poplar Grove Planting & Ref. Co. v. Bache Halsey Stuart, Inc.*, 600 F.2d 1189, 1191 (5th Cir. 1979). Among the grounds that may justify waiver of the bond requirement are:  (1) the complexity of the collection process; (2) the amount of time required to obtain a judgment after it is affirmed on appeal; (3) the degree of confidence that the district court has in the availability of funds to pay the judgment; (4) whether the defendant's ability to pay the judgment is so plain that the cost of a bond would be a waste of money; and (5) whether the defendant is in such a precarious financial situation that the requirement to post a bond would place other creditors of the defendant in an insecure position.  *See United States v. Simmons*, 2002 WL 1477460 at *1 (E.D. Cal.) (citing *Dillon v. City of Chicago*, 866 F.2d 902, 904-05 (7th Cir. 1988)).

***Discussion***

Defendant seeks a stay of proceedings to enforce this Court's Order Denying Plaintiff's Motion for Reconsideration and Granting in Part and Denying in Part Plaintiff's Amended Bill of Costs, which was entered on February 6, 2009 ("February 6, 2009 Order"). Defendant argues that it is entitled to a stay of the proceedings upon posting "a bond with the Court in an amount to be determined by the Court." (Mem of P. & A. at 5.)

The February 6, 2009 Order is a final appealable order that provided only monetary relief to Plaintiff–it awarded Plaintiff $136,537.83 in attorney's fees. A party appealing a district court's entry of a money judgment is entitled to a stay of the money judgment as a matter of right if he posts a bond in accordance with Rule 62(d). *Am. Mfrs. Mut. Ins. Co. v. Am. Broad.-Paramount Theatres, Inc.*, 87 S.Ct. 1, 3 (1966) (mem.). Therefore, Defendant is entitled to a stay upon posting a bond. Because the standard practice among district courts is to require a supersedeas bond in the full amount of the judgment, *Rachel*, 831 F.2d at 1505, and Defendant has not offered any reasons to depart from this practice, the Court **ORDERS** Defendant to post a bond in the amount of $136,537.83.

*Conclusion*

For the foregoing reasons, the Court **GRANTS** Defendant Chipotle's Amended Motion to Stay. [Doc. No. 295.] Any proceedings to enforce this Court's February 6, 2009 Order will be stayed upon Defendant's posting of a supersedeas bond for $136,537.83, representing the full amount of the judgment against Defendant. Such a bond must be posted in accordance with Civil Local Rule 65.1.2.

**IT IS SO ORDERED.**

DATED: May 15, 2009

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge