# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI,<br><br>                       Plaintiff,<br>  v.<br>CHIPOTLE MEXICAN GRILL, INC., et al.,<br><br>                      Defendants. | Case No. 05cv1660-BTM (WMc)<br><br>**ORDER RE EX PARTE APPLICATION** |

      Plaintiff moves ex parte for an order (1) staying the motion for summary judgment scheduled to be heard on June 10, 2011 and (2) allowing Plaintiff to file a reply brief on this motion. Plaintiff's reply brief was due on May 13, 2011 – four days after Plaintiff's death. Contrary to Defendants' position, there is no evidence that Plaintiff's counsel declined to seek a continuance on the reply brief for the strategic purpose of "waiting to start the Rule 25 clock." (Opp. at 2) Plaintiff's motion to substitute was made on May 20, 2011, the same day as the suggestion of death – well-within the 90 days required by Fed. R. Civ. P. 25(a). The Court does not find Plaintiff's delay in filing the instant application to be unreasonable or prejudicial to Defendants.

      Defendants also argue that "there is no need for a reply brief because case law indicates that the federal ADA claim is moot and that the remaining state law damages clams should be dismissed." (Opp. at 3) In support of this position, Defendants cite to two cases where the district court declined to exercise supplemental jurisdiction over state law claims

after the death of a plaintiff in an ADA action. *See Barria v. B.E., LLC*, 09cv2777-DMS (BLM), 2010 WL 2485721 (S.D. Cal. June 16, 2010); *Barria v. Yu*, 08-cv908-BEN (CAB), 2010 WL 2653322 (S.D. Cal. July 1, 2010). However, unlike these cases cited by Defendants, the instant action is in its late stages – a complaint was filed in August 2005, a bench trial was held before Judge Jones in late 2007, and the Ninth Circuit reversed in part and vacated in part the district court judgment in late 2010. Under these circumstances, if the Court concludes that Plaintiff's death renders the federal claim moot, the Court will exercise supplemental jurisdiction over remaining state law claims. *See Destfino v. Reiswig*, 630 F.3d 952, 958 (9th Cir. 2011).

For these reasons, Plaintiff's request is **GRANTED**. The reply brief attached to the instant application may be filed after the Court decides Plaintiff's motion to substitute. If the Court grants this motion, the Court will likely ask the parties for supplemental briefing on how Plaintiff's death impacts the issues raised in the motion for summary judgment. At that time, the Court will provide a new hearing date. Until then, Plaintiff's motion for summary judgment is stayed.

**IT IS SO ORDERED.**

DATED: June 3, 2011

Honorable Barry Ted Moskowitz
United States District Judge