David R. Sugden, Bar No. 218465
dsugden@calljensen.com
Melinda Evans, Bar No. 216594
mevans@calljensen.com
Kent R. Christensen, Bar No. 253815
kchristensen@calljensen.com
CALL & JENSEN
A Professional Corporation
610 Newport Center Drive, Suite 700
Newport Beach, CA 92660
Tel: (949) 717-3000
Fax: (949) 717-3100

Attorneys for Defendant Chipotle Mexican Grill, Inc.

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI,<br><br>Plaintiff,<br><br>vs.<br><br>CHIPOTLE MEXICAN GRILL, INC. and DOES 1 THROUGH 10, Inclusive,<br><br>Defendants. | Case No. 05-CV-01660-BTM-WMC<br><br>**DECLARATION OF DAVID R. SUGDEN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES**<br><br>Date: July 3, 2012<br>Time: 2:00 p.m.<br>Place: Courtroom 15 |

Complaint Filed: August 22, 2005
Trial Date: None Set

I, David R. Sugden, declare:

1.      I am a shareholder with the law firm of Call & Jensen, a Professional Corporation, the attorneys of record for Defendant Chipotle Mexican Grill, Inc. ("Chipotle").  The matters set forth in this declaration are based on my personal knowledge.  If called upon as a witness, I could and would testify competently as to the matters set forth herein.

2.      I am the managing shareholder at Call & Jensen and have litigated complicated cases around the country, not only in California, but also in Texas, Oklahoma, Florida, New Jersey, Tennessee, and Georgia.  In my practice I have represented both plaintiffs and defendants, and have earned several multi-million-dollar verdicts and judgments for my clients.  In 2009 I was recognized by the *Daily Journal* as one of California's 20 Top Attorneys Under 40.  I am a regular lecturer on legal issues in Southern California and have published numerous legal articles.

3.      Attached hereto as Exhibit A are true and correct copies of pages from the January 17, 2011, deposition of plaintiff Maurizio Antoninetti ("Plaintiff") in this action.

4.      Attached hereto as Exhibit B is the transcript on the November 16, 2010, status conference to discuss the Ninth Circuit opinion in this action and the matters on remand—namely, the scope of injunctive relief, possible additional damages, and additional attorney's fees.

5.      Attached hereto as Exhibit C is the Court's November 29, 2010, Order Re Ninth Circuit Remand And Opinion in this action.

///

6. Attached hereto as Exhibit D is a copy of written correspondence dated January 13, 2011, from me to Amy Vandeveld, Plaintiff's counsel in this action, proposing that the parties stipulate to an injunction.

7. In compliance with the Court's Order dated November 29, 2011, Chipotle offered to pay all of Plaintiff's $8,000 in requested damages, obviating the need for any further action concerning damages. However, Ms. Vandeveld persistently refused to accept payment of the damages or even discuss the proposal with her client unless Chipotle also agreed to pay attorney's fees. True and correct copies of correspondence between me and Amy Vandeveld regarding Chipotle's attempts to simply pay the full damages is attached hereto as Exhibit E.

8. In compliance with the Court's Order, Chipotle produced evidence on January 7, 2011, to show the construction plans for the new wall at the lower 36-inch height, and also produced invoices to confirm that the old walls had been ripped out and new walls installed at the subject restaurant locations. Attached hereto as Exhibit F are true and correct copies of the two invoices and the construction plan produced by Chipotle as evidence of mootness. Chipotle also informed Plaintiff on January 13, 2011, of the precise dates on which the walls had been replaced at the restaurants at issue in this action. (*See* Exhibit D to this declaration.)

9. Attached hereto as Exhibits F through I are true and correct copies of fee determinations and requests in similar disabled access actions in the Southern District of California and nearby districts, which illustrate the hourly rates asserted by and awarded to attorneys with significant legal experience in the field of disabled access litigation.

    a. *Jackson v. Mouet* (Exhibit F): Southern District Judge Jeffrey Miller approved a $300 hourly rate of Mitch Wallis, who had then been in practice for 16 years.

     b. *Jones v. Wild Oats* (Exhibits G [Court Order] and H [legal brief]): Southern District Judge William Q. Hayes arrived at a blended rate for the three attorneys of different experience levels on this case, resulting in an hourly rate of $377.39 used to calculate the Lodestar amount.

     c. *Carlock v. Collins* (Exhibit I): In this Southern District case, an hourly rate of $150 was approved for Attorney Don Detisch, who had been in practice for 35 years.

     d. *Rush v. Denco Enterprises, Inc.* (Exhibit J): In this 2012 request for monetary sanctions in the Central District, attorney Lynn Hubbard, who represents ADA plaintiffs almost exclusively, sought fees at the hourly rate of $350 per hour.

     e. *Langer v. Lau* (Exhibit K): Attorney Mark Potter, another San Diego area attorney who represents disabled access plaintiffs almost exclusively, sought fees at the hourly rate of $250 per hour in this Superior Court action, noting that 18 federal judges had also awarded him that rate (*see* page 4).

10. Attached hereto as Exhibit L is a true and correct copy of the Petition for Certiorari filed by Chipotle in this lawsuit. As illustrated by the narrow Questions Presented, the Petition addressed only issues of injunctive relief.

11. Call & Jensen became counsel for Chipotle in this action in October 2010, after the Ninth Circuit issued its opinion and when the case was returned to the District Court on remand. Between that time and the end of April 2012, Call & Jensen has billed fees to Chipotle in the total amount of approximately $69,800. In this action, Call & Jensen has at all times billed its time to Chipotle at the rate of $385 per hour for my work as lead counsel; $285 per hour for the work of senior associate Melinda Evans, a Stanford Law graduate with more than 10 years' experience that includes experience

1  defending disabled access actions in Northern and Southern California, Florida, New
2  York, and Texas; and $185 per hour for paralegal work.  I believe these rates to be
3  consistent with prevailing rates in Southern California for work on disabled access
4  cases.

5       I declare under penalty of perjury under the laws of the United States of America
6  that the foregoing is true and correct.  Executed this 30th day of May, 2012, at Newport
7  Beach, California.

                                 */s/ David R. Sugden*
                                 David R. Sugden

# CERTIFICATE OF SERVICE
(United States District Court)

I am employed in the County of Orange, State of California. I am over the age of 18 and not a party to the within action; my business address is 610 Newport Center Drive, Suite 700, Newport Beach, CA 92660.

On May 30, 2012, I have served the foregoing document described as DECLARATION OF DAVID R. SUGDEN IN SUPPORT OF OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES AND EXPENSES on the following person(s) in the manner(s) indicated below:

## SEE ATTACHED SERVICE LIST

[ X ] (BY ELECTRONIC SERVICE) I am causing the document(s) to be served on the Filing User(s) through the Court's Electronic Filing System.

[ X ] (FEDERAL) I declare that I am a member of the Bar and a registered Filing User for this District of the United States District Court.

[ ] (FEDERAL) I declare that I am employed in the offices of a member of this Court at whose direction the service was made.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct, and that this Certificate is executed on May 30, 2012, at Newport Beach, California.

*s/David R. Sugden*

# SERVICE LIST

| | |
|---|---|
| Amy B. Vandeveld<br>abvusdc@hotmail.com<br>abvusdclm@yahoo.com<br>Law Offices of Amy B. Vandeveld<br>1850 Fifth Avenue<br>San Diego, CA 92101<br>Tel: (619) 231-8883<br>Fax: (619) 231-8329 | **Attorneys for Plaintiff** |
| Charles C. Cavanagh<br>ccavanagh@messner.com<br>Edward J. Hafer<br>ehafer@messner.com<br>MESSNER & REEVES, LLC<br>1430 Wynkoop Street, Suite 300<br>Denver, CO 80202<br>Tel: (303) 623-1800<br>Fax: (303) 623-0552 | **Attorneys for Defendant Chipotle Mexican Grill, Inc.** |
| Jonathan J. Herzog<br>jherzog@westzog.com<br>Weston Herzog LLP<br>500 N. Central Avenue<br>Suite 650<br>Glendale, CA 91203<br>Tel.: (818) 755-8555<br>Fax: (818) 755-8542 | |