# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAURIZIO ANTONINETTI,<br><br>　　　　　　　　　　　Plaintiff,<br>v.<br>CHIPOTLE MEXICAN GRILL, INC.,<br><br>　　　　　　　　　　　Defendant. | Case No. 05cv01660 BTM (WMc)<br><br>**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR ATTORNEYS' FEES, COSTS AND OTHER EXPENSES** |

Pending before the Court is Plaintiff Livia Antoninetti's[1] "Motion for Attorneys' Fees, Costs and Other Expenses" (Doc. 364). For the reasons set forth herein, Plaintiff's motion is GRANTED IN PART and DENIED IN PART. The Court presumes the parties' familiarity with the facts.[2]

//
//
//
//

---

[1] Following the death of Livia Antoninetti's husband, Maurizio Antoninetti, on May 9, 2011, Mrs. Antoninetti substituted in as Plaintiff in the above-captioned matter. (See Doc. 349.)

[2] For a more detailed review of the facts giving rise to Plaintiff's claims in this case, see Antoninetti v. Chipotle Mexican Grill, Inc., 643 F.3d 1165, 1169-71 (9th Cir. 2010). For a review of events occurring in this litigation following remand from the Ninth Circuit, see the Court's March 21, 2012 "Order re Plaintiff's Motions for Summary Judgment and for Attorneys' Fees" (Doc. 359).

## LEGAL STANDARD

Under 42 U.S.C. §12205, the "prevailing party" in an Americans with Disabilities Act ("ADA") action can recover "reasonable attorney's fees, including litigation expenses, and costs." Likewise, the prevailing plaintiff is entitled to fees and costs under California's disability access laws. See Cal. Civ. Code §§ 52(a), 54.3(a), 55.

The amount of the prevailing party's reasonable attorneys' fees is calculated by utilizing the lodestar method. Camacho v. Bridgeport Financial, Inc., 523 F.3d 973, 978 (9th Cir. 2008). To calculate the "lodestar," the court multiplies the number of hours the prevailing party reasonably expended on the litigation by a reasonable rate. Morales v. City of San Rafael, 96 F.3d 359, 363 (9th Cir. 1996). There is a strong presumption that the lodestar figure represents a reasonable fee. Harris v Marhoefer, 24 F.3d 16, 18 (9th Cir. 1994).

Courts may adjust the lodestar figure upward or downward based upon the following factors enunciated in Kerr v. Screen Extras Guild, Inc., 526 F.2d 67, 70 (9th Cir. 1975): (1) the time and labor required, (2) the novelty and difficulty of the questions involved, (3) the skill requisite to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

//
//
//
//
//
//
//

## **DISCUSSION**

Plaintiff seeks a total costs and fees award of $1,123,942.29. This costs and fees request consists of the following elements:

| Item | Hours | Rate | Amount |
|---|---|---|---|
| Billed time for Amy Vandeveld | 1,736.40 | $620.00 | $1,054,441.50 |
| Billed time for David Ferleger | 59.9 | $550.00 | $32,945.00 |
| Copy costs associated with Plaintiff's opposition to Defendant's cert. petition | -- | -- | $1,908.75 |
| "Litigation expenses" | -- | -- | $25,726.33 |
| "Costs" | -- | -- | $8,920.73 |

The parties do not dispute that Plaintiff is entitled to reasonable attorneys' fees and costs. Defendant Chipotle Mexican Grill, Inc. challenges the requested award both as to the number of recoverable hours and as to the reasonableness of Plaintiff's proposed hourly rate. Additionally, Defendant challenges Plaintiff's right to recover for copying costs associated with Plaintiff's opposition to Defendant's petition for certiorari. The Court addresses these arguments in turn.

a. <u>Recoverable hours</u>

To organize the analysis of Defendant's many challenges to Plaintiff's requested recoverable hours, the Court reviews the requested hours in two sections: hours billed prior to the Ninth Circuit's remand to this Court (including hours billed in opposition to Defendant's petition for certiorari) ("pre-mandate hours"); and hours billed as a result of litigation occurring in the district court after the remand ("post-mandate" hours).

//
//
//

### 1. Pre-mandate hours

The bulk of Plaintiff's attorneys' fees request consists of pre-mandate hours. This category includes all hours spent litigating this case through a bench trial before Judge Jones in 2007, briefing and arguing the case on appeal to the Ninth Circuit, and preparing an opposition to Defendant's petition for certiorari to the United States Supreme Court.

*First*, Defendant challenges Plaintiff's request for pre-mandate hours on the ground that Plaintiff achieved only limited success in this action, and Plaintiff cannot be considered the prevailing party with respect to every issue. Defendant essentially argues that Plaintiff has made no progress since appealing Judge Jones's initial order in 2008: Judge Jones awarded no injunctive relief, $5,000 in statutory damages for five non-litigation-related ("bona fide") visits, and no statutory damages for three "litigation-related" visits; after remand, this Court awarded the exact same in its March 21, 2012 order. Chipotle further argues that this Court's 2010 judgment does not constitute "relief" because it did not result in any action.

The following summarizes the events in this litigation relevant to this particular argument: Throughout this litigation, Plaintiff has argued that high counter walls at Chipotle constituted a violation of the ADA because they prevented customers in wheelchairs from being able to view the food preparation counter. On that basis, Mr. Antoninetti, a frequent visitor to Chipotle restaurants, sought injunctive relief and statutory damages. In 2008, Judge Jones ruled that the walls did not violate the ADA, because Chipotle's written policy for accommodating customers in wheelchairs constituted equivalent facilitation. Accordingly, he denied Chipotle's request for an injunction requiring Chipotle to lower its walls and awarded $5,000 in damages for five visits made by Mr. Antoninetti before the implementation of the written policy. Judge Jones also awarded Plaintiff only a small fraction of the attorneys' fees requested at that time, on the ground that Plaintiff had achieved only limited success. On appeal, the Ninth Circuit reversed Judge Jones and found that the high walls constituted a violation of the ADA. The Ninth Circuit vacated the damages award and remanded the case for a determination of the proper scope of injunctive relief and damages.

1  The Ninth Circuit also vacated and remanded Judge Jones's fees and costs award. In 2010,
2  this Court entered a partial judgment in favor of Plaintiff. On March 21, 2012, the Court ruled
3  that Mr. Antoninetti's untimely death mooted the claim for injunctive relief, awarded $5,000
4  in statutory damages for the five pre-litigation visits to Chipotle, and ruled that Plaintiff was
5  entitled to no damages for the three litigation-related visits.

6  By receiving a decision from the Ninth Circuit reversing Judge Jones and affirming
7  Plaintiff's basic position, Plaintiff won the core legal issue in this litigation: whether Chipotle's
8  high counter walls violated the ADA. As a practical matter, this decision could assist Plaintiff,
9  despite the untimely death of Mr. Antoninetti, insofar as it establishes legal precedent that
10 may be useful in a separate class action in which Mr. Antoninetti's estate is participating.
11 More importantly, as a legal matter, the 2010 partial judgment entered by this Court in favor
12 of Plaintiff on remand from the Ninth Circuit makes Plaintiff the "prevailing party" with respect
13 to this core issue, notwithstanding the fact that Plaintiff ultimately received no injunctive relief.
14 See San Diego Police Officers' Ass'n v. San Diego City Employees Ret. Sys., 568 F.3d 725,
15 741 (9th Cir. 2009) ("Courts consistently confirm that '[a] party in whose favor judgment is
16 rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d).'"
17 (quoting d'Hedouville v. Pioneer Hotel Co., 552 F.2d 886, 896 (9th Cir.1977))).

18 The only issue on which Plaintiff did not prevail is her claim for $1,000 in statutory
19 damages for each of Mr. Antoninetti's three litigation-related visits to Chipotle made after the
20 start of this lawsuit. Upon careful review of Ms. Vandeveld's billing statement, the Court finds
21 it impossible to determine which entries relate specifically to the issue of litigation-related
22 visits.[3] Since the Court is unable to eliminate only the hours spent litigating the litigation-
23 related visits issue, the Court reduces Ms. Vandeveld's recoverable hours on the basis of
24 limited success as follows: (a) There is no reduction in the hours billed for opposition
25 Defendant's petition for certiorari (as litigation-related visits were not at issue there); (b) The

---

28  [3]The only entry in Ms. Vandeveld's entire 71-page billing statement referencing "litigation-related" visits is a 0.2 hour entry on January 10, 2011, described as "Email to client regarding evidence of 'litigation related' visits[.]" (Vandeveld Decl. Ex. D at 62, Doc. 366.)

final amount of all other reasonable hours will be reduced by 25 percent.[4]

*Second*, Defendant broadly requests a "substantial reduction" of all block-billed hours. The Court agrees that a full recovery for block-billed billing entries is inappropriate, and accordingly reduces the number of block-billed hours by 20%. See Welch v. Metropolitan Life Ins. Co., 480 F.3d 942, 948 (9th Cir. 2007) (holding district court may reduce block-billed hours by 20% in light of California State Bar report concluding that block-billing "may increase time by 10% to 30%"). The Court has reviewed the billing statements for Ms. Vandeveld (Vandeveld Decl. Ex. D, Doc. 366), and has determined that she block-billed 341.5 pre-mandate hours.[5] Accordingly, the Court reduces Ms. Vandeveld's recoverable hours by 68.3 hours.

The Court has also reviewed Mr. Ferleger's billing statement (Ferleger Decl. Ex. A, Doc. 372-2). Mr. Ferleger was retained for the exclusive purpose of assisting in the preparation of Plaintiff's opposition to Defendant's petition for certiorari. The Court determines that 41.1 of Mr. Ferleger's requested 59.9 hours were block-billed. These 41.1 hours were billed in four separate 7+ hour entries with the description "research and draft brief." (Id. at 2.) These descriptions are consistent with Mr. Ferleger's representation to the Court that "the time expended was for intense and prolonged research and writing," and that he did not bill at least an additional 18 hours spent communicating with Ms. Vandeveld and reviewing and editing his work. (Ferleger Decl. ¶ 24, Doc. 372-2.) Based on this representation, the Court declines to reduce Mr. Ferleger's block-billed hours.

---

[4] The Court reaches the 25 percent figure as follows: The two main issues in this case were whether Plaintiff was entitled to injunctive relief (i.e. whether the high walls violated the ADA), and whether Plaintiff was entitled to damages. Plaintiff prevailed as to the first issue, and the Court shall permit recovery of the full amount of the first 50% of the reasonable hours on the basis that success. Plaintiff prevailed on the claim for statutory damages arising out of Mr. Antoninetti's bona fide visits, but lost her claim for damages arising out of the litigation-related visits. Accordingly, the Court only awards half of the 50% of reasonable recoverable hours attributable to the damages issue. Since half the reasonable recoverable hours are awarded in full, and half were reduced by half, Plaintiff's overall reasonable recoverable hours are reduced by 25%.

[5] In reviewing Ms. Vandeveld's billing entries, the Court regarded as "block-billed" any entry for which Ms. Vandeveld attributed three or more hours to two or more independent tasks. Attached as Appendix A to this Order is a chart listing the dates of all block-billed entries and the number of hours block-billed on those dates.

*Third* and finally, Defendant alleges that Plaintiff's hours are "inflated," and seeks a general reduction on those grounds.[6] Although the Court agrees that Plaintiff's requested pre-mandate hours represent a large amount, this case was litigated aggressively by *both parties*--through a full bench trial, appeal to the Ninth Circuit, and a petition for certiorari to the United States Supreme Court. The Court does not find any hours per se unreasonable and declines to reduce Plaintiff's requested hours based on Defendant's general allegation that they are excessive.

### 2.  Post-mandate hours

The post-mandate hours include all hours billed for litigation occurring in this Court after the publication of the Ninth Circuit's amended decision on September 22, 2010. Defendant contends that Plaintiff is not entitled to hours billed litigating this case in the district court after Plaintiff rejected Defendant's January 2011 settlement offer, arguing that such litigation was unnecessary and could not result in any additional benefit to Plaintiff. The Court agrees.

Shortly after the Court entered judgment in favor of Plaintiff on November 29, 2010, Defendant proposed a stipulated injunction and offered to pay all $8,000 in Plaintiff's requested damages. Plaintiff rejected the settlement offer on the grounds that the offer included neither an admission of liability nor an award of fees, and that acceptance of the offer would therefore impair Plaintiff's ability to recover attorneys' fees and costs. Plaintiff cites two cases in support of this proposition, but neither are on point.

---

[6] The only example provided by Defendant of Plaintiff's counsel's alleged inflated billing is the preparation of the brief in opposition to the petition for certiorari, for which Ms. Vandeveld and Mr. Ferleger billed a combined 143.7 hours. The Court has reviewed this brief (Ferleger Decl. Ex. C, Doc. 372-2), and finds that it represents an obvious investment of a substantial amount of time: It cites to 40 cases and nine statutes, as well as to legislative history and academic articles; it is 35 pages long and contains 52 footnotes; and it was successful. Upon careful review of the opposition brief itself and Plaintiff's counsel's billing statements, the Court finds that 143.7 hours is not an unreasonable amount of time to spend opposing certiorari--except insofar as certain of those hours are contained in block-billed entries, for which the Court reduces Ms. Vandeveld's billed time as explained above.

First, Plaintiff argues that if she had agreed to the settlement, the settlement would have mooted the case while Defendant's petition for certiorari was pending before the Supreme Court. Citing <u>United States v. Munsingwear, Inc.</u>, 340 U.S. 36 (1950), Plaintiff argues that Supreme Court protocol under those circumstances is to vacate the judgment of the appellate court and remand to the district court with instructions to dismiss. <u>See</u> Reply Br. at 8 (Doc. 375). If that happened, Plaintiff would lose the judgment in her favor--and her ability to collect fees. The problem with this argument, however, is that the settlement agreement would not have mooted the underlying case, because the issue of attorneys' fees would have remained.

Second, Plaintiff cites <u>Doran v. North State Grocery, Inc.</u>, 137 Cal. App. 4th 484 (3d Dist. 2006), for the proposition that if she had entered a settlement that did not award attorneys' fees and did not stipulate liability, she would be precluded from subsequently seeking costs and fees under § 51 of the the California Disabled Persons Act ("CDPA"). <u>See</u> Reply Br. at 8. However, <u>Doran</u> denied attorneys' fees on ground that Plaintiff had not established liability under the CDPA. In that case, there was no concession of liability in the settlement agreement, *and* no court had entered judgment in favor of Plaintiff finding liability. In the present case, however, the Ninth Circuit specifically found that the high walls constituted a violation of the ADA, and this Court entered a judgment in favor of Plaintiff to that effect. Since, as stated above, a settlement on the issues of injunctive relief and damages would not have mooted the entire case, such that the Ninth Circuit's judgment would have been vacated, Plaintiff's argument that the proposed settlement agreement would have deprived Plaintiff of her ability to recover fees is incorrect.

Consequently, the Court agrees with Defendant that Plaintiff is not entitled to recover fees for hours billed litigating the issues of injunctive relief and damages in this Court on remand. Defendant requests, on this basis, that the Court reduce Ms. Vandeveld's recoverable hours by 106 hours--a figure Plaintiff does not directly contest. However, included in this 106 hours is 24.1 hours billed on Plaintiff's premature attorneys' fees motion (Doc. 336). <u>See</u> Opp. Br. at 11, 20 (Doc. 373). Upon review of the premature attorneys' fees

motion, the Court finds that the premature motion was obviously used to prepare the present motion, such that there was no unreasonable duplication of effort, and finds that Plaintiff is entitled to recover those 24.1 hours. Accordingly, the Court reduces Plaintiff's recovery for post-mandate litigation by 81.9 hours.

### 3.     Total hours

The total number of hours the Court awards to Plaintiff for the work of Ms. Vandeveld is 1210.6. The Court arrives at this figure through the following three steps: First, from Plaintiff's original request of 1736.4 hours for Ms. Vandeveld's work, the Court subtracts 68.3 as a result of block-billing, and 81.9 as a result of unnecessary, post-settlement offer litigation. This results in 1586.2 hours that are at least partly compensable.

Second, out of these 1586.2 hours, the hours spent opposing Defendant's petition for certiorari are fully compensable. The Court finds that Ms. Vandeveld spent 83.8 hours litigating the opposition to the petition for certiorari: Plaintiff does not challenge Defendant's claim that Ms. Vandeveld and Mr. Ferleger spent a combined 143.7 hours litigating the opposition to the petition, and Mr. Ferleger seeks 59.9 hours, leaving a difference of 83.8 hours. Thus, the Court divides the 1586.2 compensable hours into 83.8 fully compensable hours, and 1502.4 partly compensable hours.

Third, the Court reduces the 1502.4 partly compensable hours by 25% on the basis of Plaintiff's limited success, resulting in the award of an additional 1126.8 hours for time spent litigating all matters other than the opposition to the petition for certiorari. Thus, the final award for Ms. Vandeveld's work is thus 83.8 hours plus 1126.8 hours, which equals 1210.6 hours.

The total number of hours the Court awards for the work of Mr. Ferleger is 59.9.

//
//
//

b.  Hourly rate

The party seeking fees bears the burden "to produce satisfactory evidence--in addition to the attorney's own affidavits--that [his] requested [hourly] rates [were] in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation." Grove v. Wells Fargo Financial California, Inc., 606 F.3d 577, 583 (9th Cir. 2010) (citation and quotation marks omitted) (alterations in original). Plaintiff argues that Ms. Vandeveld's reasonable hourly rate is $620, and that Mr. Ferleger's reasonable hourly rate is $550.

In support of her requested hourly rate, Ms. Vandeveld submits the declarations of Dara Schur and Richard Pearl. Neither of these declarations, however, introduce evidence supporting Plaintiff's contention that the requested rates are the prevailing rates in San Diego for ADA and CDPA lawsuits brought by lawyers of similar skill and experience. Moreover, at oral argument, counsel for Plaintiff was unable to cite any case awarding a comparable hourly rate in a similar case in San Diego, nor is the Court aware of such a case. The Court finds more persuasive the declaration of Michael Hensley (Doc. 373-4), submitted in support of Defendant's opposition to Plaintiff's fees motion. The Hensley declaration considers similar awards in the Southern District of California specifically and in ADA cases throughout California.

Based on a review of the evidence submitted by the parties, the Court concludes that $375/hour is a reasonable rate for Ms. Vandeveld's work in this case. See Vega v. Tradesmen Int'l., Inc., 10cv00459, 2011 WL 1157683, at *3 (S.D. Cal. Mar. 29, 2011) ("In more complex [ADA] cases [in the Southern District of California], fees of up to $375 per hour may be considered reasonable.") This rate is consistent with Judge Jones's fee award to Ms. Vandeveld in 2008, Ms. Vandeveld's fee request in 2010, previous awards to Ms. Vandeveld in other cases, and awards to attorneys of similar experience and in similar cases in the Southern District of California. In consideration of the Kerr factors, the Court enhances Ms. Vandeveld's rate to $400/hour because of the contingency nature of the fee and the

extended length of the litigation.  Essentially, Ms. Vandeveld was required to "finance" the costs of the litigation and is entitled to some increase to compensate for that.  The Court believes that other factors motivating in favor of a larger recovery (complex legal issues and time required to litigate through trial and appeal) are compensated by the large number of hours billed for Ms. Vandeveld's work.

Mr. Ferleger supports his requested rate of $550/hour by submitting his own declaration, in which he states that: (a) He is an attorney of 38 years, a specialist in disability law, and a routine practitioner before the United States Supreme Court; (b) his work was required on an extremely short time frame; and (c) the requested rate is "what client paying market-rates would have been charged for litigation in the Supreme Court of the United States." (Ferleger Decl. ¶¶ 17, 26, Doc. 372-2.)  Defendant does not meaningfully contest Mr. Ferleger's declaration; Defendant states only that the declaration "says nothing regarding the market rate in the San Diego area for ADA work." See Opp. Br. at 16.  However, Mr. Ferleger works out of Pennsylvania, not San Diego, and the court before which he practiced in this litigation was the United States Supreme Court.  The Court finds no reason to doubt the veracity of Mr. Ferleger's asserted market rate.  Moreover, the Court notes that this rate is consistent with rates awarded in other cases to experienced Supreme Court practitioners for work performed in opposition to a petition for certiorari.  See, e.g., Deal ex rel Deal v. Hamilton Cty. Dept. of Educ., 1:01-cv-295, 2006 WL 2854463, at *15-16 (E.D. Tenn. Aug. 1, 2006) (finding $590/hour to be reasonable rate for work performed by "experienced and well-respected Supreme Court practitioner" in opposition to petition for certiorari).

c.  Total fees award

Based on the forgoing, the Court awards Plaintiff attorneys' fees in the amount of $484,240.00 for the work of Ms. Vandeveld, and $32,945.00 for the work of Mr. Ferleger. The breakdown of this award is as follows:

| Timekeeper | Recoverable Hours | Reasonable Rate | Amount |
|---|---|---|---|
| Ms. Vandeveld | 1210.6 | $400/hour | $484,240.00 |
| Mr. Ferleger | 59.9 | $550/hour | $32,945.00 |

d.   Costs and expenses

Plaintiff seeks recovery of $1,908.75 in copy costs incurred opposing Defendant's petition for certiorari, $25,726.33 in "litigation expenses," and $8,920.73 in "costs." Defendant specifically challenges only the $1,908.75 in copy costs, claiming that amount was spent litigating the "unsuccessful injunctive relief claim." See Opp. Br. at 11. The Court has already held that Plaintiff is entitled to full recovery of reasonable costs and fees associated with the opposition to the petition for certiorari. The Court finds that $1,908.75 is a reasonable expenditure on copy costs for an opposition to a petition for certiorari.

The Court has reviewed the invoices associated with Plaintiff's requests for "costs" and "litigation expenses," submitted with Ms. Vandeveld's billing statement (see Doc. 366 at 69-71), and finds them also to be reasonable. However, aside from the copy costs associated with the opposition to the petition for certiorari, the Court finds it impossible to determine which costs and expenses were incurred litigating the unsuccessful claim for statutory damages for litigation-related visits. Accordingly, the Court reduces Plaintiff's requested "costs" and "litigation expenses" by 25 percent, and awards Plaintiff $6,690.55 in "costs" and $19,294.75 in "litigation expenses."

//
//
//
//
//
//
//

## **CONCLUSION**

For the reasons set forth above, the Court GRANTS IN PART and DENIES in PART Plaintiff's motion for attorneys' fees and costs, and awards Plaintiff $484,240.00 in fees for work performed by Ms Vandeveld, $32,945.00 in fees for work performed by Mr. Ferleger, $1908.75 in copy costs associated with Plaintiff's opposition to the petition for certiorari, $6,690.55 in "costs," and $19,294.75 in "litigation expenses, for a total award of **$545,079.05**.

The Clerk shall enter a final "Amended Judgment" in favor of Plaintiff and against Defendant in the amount of $550,079.05, consisting of $545,079.05 in fees and costs and $5,000 in damages already entered pursuant to the Court's judgment dated March 21, 2012 (Doc. 360)).

**IT IS SO ORDERED.**

DATED: July 17, 2012

_____
BARRY TED MOSKOWITZ, Chief Judge
United States District Court

## APPENDIX A

| Date | Block-billed time |
|---|---|
| 6/23/2006 | 3.1 |
| 7/27/2006 | 6.4 |
| 10/10/2006 | 6.8 |
| 10/25/2006 | 5.2 |
| 11/13/2006 | 3.8 |
| 1/11/2007 | 4.7 |
| 1/23/2007 | 4.8 |
| 1/24/2007 | 5.1 |
| 1/25/2007 | 10 |
| 2/7/2007 | 4.3 |
| 4/6/2007 | 3.8 |
| 4/10/2007 | 7.2 |
| 4/17/2007 | 7.1 |
| 4/23/2007 | 5.3 |
| 5/11/2007 | 6.2 |
| 5/15/2007 | 9.3 |
| 5/16/2007 | 9.8 |
| 5/17/2007 | 8.3 |
| 5/18/2007 | 8.6 |
| 5/21/2007 | 8.3 |
| 5/22/2007 | 7.2 |
| 5/23/2007 | 7.8 |
| 6/27/2007 | 6.5 |
| 7/10/2007 | 6.1 |
| 7/11/2007 | 6.3 |
| 7/12/2007 | 5.2 |
| 8/6/2007 | 5.3 |
| 8/9/2007 | 6.8 |
| 8/28/2007 | 3.2 |
| 9/18/2007 | 5.7 |
| 9/21/2007 | 8.6 |
| 9/24/2007 | 5.8 |
| 9/28/2007 | 5.3 |
| 10/1/2007 | 8.6 |
| 10/29/2007 | 5.3 |
| 10/30/2007 | 5.3 |
| 11/1/2007 | 7.8 |
| 11/2/2007 | 5.5 |
| 11/8/2007 | 7.2 |
| 11/15/2007 | 4.8 |
| 11/16/2007 | 5.8 |
| 11/22/2007 | 6.7 |
| 11/24/2007 | 8.3 |
| 11/28/2007 | 7.8 |
| 1/14/2008 | 8.7 |
| 1/15/2008 | 7.2 |
| 1/16/2008 | 7.2 |
| 2/29/2008 | 6.7 |
| 3/3/2008 | 7.6 |
| 9/9/2008 | 4.2 |
| 2/24/2011 | 6.2 |
| 2/25/2011 | 8.3 |

| | |
|---|---|
| 3/7/2011 | 4.4 |
| **Total** | 341.5 |